Carlos **VEGA CASTRO**,
et al., Plaintiffs,

v.

Commonwealth of **PUERTO RICO**,
et al., Defendants.

No. CIV. 98–1537(DRD).

United States District Court,
D. Puerto Rico.

March 16, 1999.

———

Michael T. Leibig, Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, PC, Fairfax, VA, Ginoris Vizcarra–Lopez–Lay, Santurce, PR, for plaintiffs.

Phillip A. Bradley, Long Aldridge & Norman LLP, Atlanta, GA, Pedro J. Durand, Francisco A. Ojeda–Diez, Dept. of Justice of Puerto Rico, Federal Litigation Div., San Juan, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Defendants' Motion To Dismiss (Docket No. 5) filed on June 8, 1998. On July 27, 1998, Plaintiffs' Opposition To Dismissal (Docket No. 9) was filed. In addition, a Reply Brief In Support Of Motion To Dismiss (Docket No. 8), a Surreply In Opposition To Dismissal (Docket No. 9), and Plaintiffs' Motion For Oral Argument (Docket No. 10) were filed. For the following reasons Defendants' Motion To Dismiss is hereby **GRANTED** and this case is hereby **DISMISSED.**

## I. BACKGROUND

This is an action brought by forty-nine (49)[1] current and former employees of the Puerto Rican Police Department against the Commonwealth of Puerto Rico and its police department. Plaintiffs are seeking redress for Defendants' alleged willful violation of the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. § 201 et seq. Defendants are said to have failed and refused to pay Plaintiffs all compensation due to Plaintiffs under the FLSA. The Plaintiffs seek a declaratory judgment, overtime pay (plus an accurate accounting and interest), liquidated damages and reasonable attorneys fees and costs.

Defendants filed a Motion To Dismiss, requesting the Court to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Defendants contend that the Eleventh Amendment bars this action in Federal Court by Plaintiffs against the Commonwealth of Puerto Rico and its officers and agencies.

## II. THE ELEVENTH AMENDMENT

### A. GENERALLY

██ The Eleventh Amendment bars suits brought in federal courts against states by individuals, whether they be citizens of the state being sued, of another state, or of a foreign nation. *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

██ There are some narrow exceptions to the Eleventh Amendment bar. First, a state may waive its immunity or consent to be sued in federal court. *See e.g. Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974); *Paul N. Howard, Co. v. Puerto Rico Aqueduct Sewer Authority,* 744 F.2d 880, 886 (1st Cir.1984) *cert. denied,* 469 U.S. 1191, 105 S.Ct. 965, 83 L.Ed.2d 970 (1985). Second, "a suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 102, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984) (stating that was the holding in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)); *See also Edelman v. Jordan,* 415 U.S. at 666–667, 94 S.Ct. at 1357–1358 (Injunction is only available governing official's future conduct, but not one that awards retroactive monetary relief, i.e., retroactive relief is barred by the

---

1. The Complaint states the current 49 plaintiffs brought this action on their behalf and the more than 4,000 similarly situated members of the Federacion Puertorriqueña de Po-

licias ("FPP"). In fact, pending before the Court is Plaintiffs' Motion To Add 62 Consenters (Docket No. 15).

Eleventh Amendment.). Third, a citizen may seek monetary damages against a state officer for acts done while the officer was acting in his or her official capacity, but only if the officer is sued in his or her individual capacity. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Fourth, when Congress has "unequivocally expresse[d] its intent to abrogate the immunity" and has acted "pursuant to a valid exercise of power." *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985). However, in reference to this fourth exception, the U.S. Supreme Court has only recognized one provision of the Constitution, i.e., § 5 of the Fourteenth Amendment, which provides Congress the authority to abrogate a State's Eleventh Amendment immunity. *Seminole Tribe v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (Overruled *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), thereby eliminating Interstate Commerce Clause as an authority to abrogate); *See also Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976) (Eleventh Amendment is limited by the enforcement power under § 5 of Fourteenth Amendment to enforce the Fourteenth Amendment's substantive provisions, in that instance, sexual discrimination).

■ Here, none of the exceptions to Puerto Rico's Eleventh Amendment immunity are applicable. The first exception is inapplicable because Puerto Rico has neither consented to this action in federal court, nor has the Commonwealth waived its sovereign immunity against being sued in a federal court. *Perez–Bourdon v. Com. of Puerto Rico*, 951 F.Supp. 22, 24 (D.P.R.1997) (citing 32 L.P.R.A. § 3077). The fourth exception was foreclosed by the First Circuit which recently, following *Seminole Tribe*, held that Congress did not have authority to abrogate Eleventh Amendment immunity with regard to a private FLSA action. *Mills v. Maine*, 118 F.3d 37 (1st Cir.1997). Additionally, the Fourteenth Amendment is not implicated in this case.

■ The Eleventh Amendment prevents suits seeking monetary relief to be paid out from the state treasury. Any attempt to sue a state officer in his or her official capacity for the only purpose of seeking monetary relief will be barred by the Eleventh Amendment. Thus, in order to sue a state officer in his or her official capacity, a party must seek injunctive, not monetary relief, i.e., the second exception above. Conversely, if monetary relief is sought, then under the third exception the state officer must be sued in his or her personal capacity. In this case, because only monetary relief is sought, Defendants may only be sued in their personal capacities. The Plaintiffs have not sued Defendants in their personal capacities. Therefore, the Eleventh Amendment bars this suit in Federal Court in its entirety as long as the Commonwealth of Puerto Rico and its officers and agencies fall under the Amendment's umbrella. To that sole remaining issue we now turn.

**B. THE COMMONWEALTH OF PUERTO RICO**

■ In an unbroken string of cases over the last two decades, the First Circuit consistently has held that Puerto Rico is considered a "State" for Eleventh Amendment purposes, and therefore Eleventh Amendment applies with full force to the Commonwealth of Puerto Rico. *See, e.g., Negron Gaztambide v. Hernandez Torres*, 145 F.3d 410 (1st Cir.1998) (vacating judgment against Puerto Rican officials based, in part, upon the Commonwealth's Eleventh Amendment immunity); *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 n. 3 (1st Cir.1993) ("We have consistently treated Puerto Rico as if it were a state for Eleventh Amendment purposes."); *Aviles–Martinez v. Monroig*, 963 F.2d 2, 8 (1st Cir.1992) (holding that an entity which is an alter ego of Puerto Rico is protected by the Eleventh Amendment); *Trailer Ma-*

*rine Transp. Corp. v. Rivera Vazquez,* 977 F.2d 1, 7 (1st Cir.1992) ("Puerto Rico has immunity to suit in common with state governments."); *De Leon Lopez v. Corporacion Insular de Seguros,* 931 F.2d 116, 121 (1st Cir.1991) ("The [E]leventh [A]mendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State."); *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 516 (1st Cir.1987) ("The [E]leventh [A]mendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico...."); *Ainsworth Aristocrat Int'l Pty., Ltd. v. Tourism Co. of P.R.,* 818 F.2d 1034 (1st Cir.1987) (analyzing whether a public corporation should be treated as "arm" of Puerto Rico so as to invoke Eleventh Amendment protections); *Fernandez v. Chardon,* 681 F.2d 42, 59 n. 13 (1st Cir. 1982) (Puerto Rico enjoys the full benefits of the Eleventh Amendment); *Ezratty v. Com. of Puerto Rico,* 648 F.2d 770, 776 n. 7 (1st Cir.1981) ("The principles of the Eleventh Amendment, which protect a state from suit without its consent, are fully applicable to the Commonwealth of Puerto Rico."); *Litton Indus., Inc. v. Colon,* 587 F.2d 70 (1st Cir.1978) (action against Puerto Rico barred by Eleventh Amendment, unless immunity is expressly abrogated by Congress acting under the Fourteenth Amendment); *Perez v. Rodriguez Bou,* 575 F.2d 21, 25 (1st Cir.1978) (analyzing whether University of Puerto Rico is sufficiently an "arm" of Puerto Rico to benefit from Eleventh Amendment); *see also Salkin v. Com. of Puerto Rico,* 408 F.2d 682 (1st Cir.1969) (Puerto Rico has "sovereign power" to consent to suits only in its own courts).

Under this clear line of authority, all the protections of the Eleventh Amendment apply to the Commonwealth of Puerto Rico, and this action is therefore barred in Federal Court in its entirety against the Commonwealth.

## C. THE POLICE DEPARTMENT OF PUERTO RICO

"Sovereign immunity under the Eleventh Amendment extends beyond the core of the state government to 'arms of the state.'" *Buck v. Puerto Rico Symphony Orchestra Corp.,* 849 F.Supp. 141, 144 (D.P.R.1994) (quoting *Metcalf & Eddy, Inc.,* 991 F.2d at 939). As with claims against the Commonwealth itself, "the claims in federal court for damages against ... the Police Department are precluded by the Eleventh Amendment, since they must, if successful, be satisfied from the coffers of the Commonwealth of Puerto Rico." *Reyes v. Supervisor of DEA,* 834 F.2d 1093, 1097–98 (1st Cir.1987). "[I]t is settled law that the Puerto Rico Police Department is an alter ego of the state and cannot be sued in federal court." *Cestero v. Rosa,* 996 F.Supp. 133, 142–43 (D.P.R.1998) (citing *Rivera v. Medina,* 963 F.Supp. 78, 82 (D.P.R.1997); *Reyes v. Supervisor of DEA,* 647 F.Supp. 1509, 1513 (D.P.R.1986) *modified on other grounds,* 834 F.2d 1093 (1st Cir.1987)). Because the Commonwealth's Eleventh Amendment umbrella of protection shields the Puerto Rico Police Department as well, this case must be dismissed in its entirety as to the Police Department.

## C. SUPERINTENDENT OF THE POLICE DEPARTMENT

### 1. Monetary Relief

The Eleventh Amendment protects state officials somewhat differently than the State itself. Since 1908, the Supreme Court has recognized that in certain circumstances a federal court can impose prospective injunctive relief against state officials to prevent them from future violations of federal law. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). It has remained abundantly clear, however, that the Eleventh Amendment protects a state official, acting in his official capacity, from any claim for retrospective monetary relief, just as if it were a suit against the state itself. *Mills v. Maine,* 118 F.3d

37, 54 (1st Cir.1997) ("*Ex parte Young* allows a way around the bar to federal jurisdiction erected by the Supreme Court's Eleventh Amendment jurisprudence only in cases where prospective declaratory or injunctive relief is sought under federal law."). "The *Ex parte Young* doctrine does not apply in cases where plaintiffs seek monetary relief for past violations of federal law, regardless of whether the party the plaintiffs seek to designate as a defendant is nominally a state officer sued in his official capacity." *Id.*

■ As in *Mills v. Maine*, the Plaintiffs in this case cannot obtain monetary relief they seek merely by naming the Superintendent in his official capacity rather than the Commonwealth itself. The Eleventh Amendment simply does not permit such an "end-run," except in the limited situation of prospective injunctive relief.

## 2. Prospective Injunctive Relief

■ As is noted by the First Circuit in *Mills v. Maine*, the FLSA permits an action seeking injunctive relief to be maintained only by the Secretary of the United States Department of Labor. *Mills v. Maine*, 118 F.3d at 55 (citing 29 U.S.C. §§ 216,217); *See* 29 U.S.C. §§ 217 (authorizing jurisdiction of district courts to issue injunctions to prevent FLSA violations) and 211(a) (providing that, except in child labor situations, the Secretary of Labor shall bring all actions for injunctive relief pursuant to § 217).[2] Private plaintiffs may seek only specified categories of retrospective monetary relief, not prospective injunctive relief. *Id.* Therefore, Plaintiffs cannot pursue any prospective injunctive relief against the Superintendent or any other named Defendant in this action, pursuant to the express terms of the FLSA.

## 3. Declaratory Judgment

■ In addition to past monetary relief, Plaintiffs' Complaint contains a request for a declaratory judgment "that Defendants have willfully and wrongfully violated its statutory obligations and deprived Plaintiffs of their entitlement under the law, as alleged herein." (Docket No. 1, Complaint, p. 10). The First Circuit, however, has held that where declaratory relief would serve only the purpose of providing a judgment which would be enforceable in state court as damages for past conduct, the Eleventh Amendment bars such declaratory relief against a State. *Mills v. Maine*, 118 F.3d at 54–55.

■ In *Mills*, the First Circuit concluded that the Eleventh Amendment barred an FLSA action in Federal Court against the State of Maine. While the case was on appeal, the *Mills* plaintiffs sought to amend the complaint to add a state official as a defendant in his official capacity, in an effort to invoke the *Ex parte Young* doctrine. Relying on *Green v. Mansour*, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985), the First Circuit refused to permit the amendment as futile because declaratory relief was unavailable. Under *Mansour*, declaratory relief cannot be granted against a state where "the award of declaratory judgment ... would be useful in resolving the dispute over the past lawfulness of respondent's action only if it might be offered in state-court proceedings as res judicata on the issue of liability, leaving to the state courts only a form of accounting proceeding whereby damages or restitution could be computed." *Mills v. Maine*, 118 F.3d at 54, (quoting *Mansour*, 474 U.S. at 73, 106 S.Ct. at 428). "The *[Mansour]* Court concluded that 'the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the

---

**2.** Although § 211(a) refers to the "Administrator" rather than the Secretary of Labor, the functions of all officers of the Department of Labor have been transferred to the Secretary, who may in turn delegate those functions. *Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 411 n. 1, 104 S.Ct. 769, 771 n. 1, 78 L.Ed.2d 567 (1984).

federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment.'" *Id.*

 In this case, where an award of damages is barred by the Eleventh Amendment and an injunction against prospective violations cannot be sought by private plaintiffs under the FLSA, an action for declaratory judgment regarding the lawfulness of the Commonwealth's policies or practices under the FLSA cannot proceed in federal court. "[A] declaratory judgment is not available when the result would be a partial 'end run' around the rest of the Supreme Court's Eleventh Amendment jurisprudence, particularly its limitations on the *Ex parte Young* doctrine." *Mills v. Maine,* 118 F.3d at 55 (quoting *Mansour,* 474 U.S. at 73, 106 S.Ct. at 428). Accordingly, Plaintiffs' claims for declaratory relief against the Superintendent should be dismissed.

## III. CONCLUSION

Because the Eleventh Amendment shields the Commonwealth and its Police Department from being sued by Puerto Rican citizens in federal court, and because the Superintendent is similarly protected by the Eleventh Amendment from retrospective monetary claims and declaratory relief, and by the FLSA itself from prospective injunctive actions, this case must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.[3]

WHEREFORE, Defendants' Motion To Dismiss (Docket No. 5) is **GRANTED,** and the Complaint is hereby **DISMISSED WITHOUT PREJUDICE.** Therefore, all

**3.** Just as in *Mills v. Maine,* "[i]n concluding, we stress that our decision today does not remove state employees from the aegis of the FLSA. In determining that *Seminole Tribe* controls this case and that no federal jurisdiction exists, our decision only relates to that portion of the FLSA that purports to give federal courts jurisdiction over private FLSA

other pending motions (Docket Nos. 10, 11, 12, 15, and 16) are **DISMISSED** as moot.

IT IS SO ORDERED.

actions brought by employees against the Commonwealth of Puerto Rico and its officers and agencies. See § 29 U.S.C. 216(b)." *Mills v. Maine,* 118 F.3d at 55. The determination by this Court, however, in no way bars suit by Plaintiffs brought in the Commonwealth Courts.