Ivette GARCIA–FIGUEROA, Plaintiff,

v.

The Commonwealth of PUERTO RICO, et al., Defendants.

No. CIV. 00–2629(JAG).

United States District Court, D. Puerto Rico.

May 14, 2002.

Nicolas Nogueras–Cartagena, San Juan, PR, for Plaintiffs.

Salvador J. Antonetti–Stutts, Carlos M. Aquino–Ramos, Luz Minerva Ramos–Guevara, Dept. of Justice of PR, Fed. Litigation Div., San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Ivette Garcia Figueroa ("Garcia") brought suit pursuant to 42 U.S.C. § 1983 (for violation of her First Amendment rights, her right to due process, and her right to equal protection), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., Titles VI and IX of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1981, 1985(3)–1986 and 2938 [1]. The named defendants are: Victor Fajardo ("Secretary") [2], in his personal and official capacity as Secretary of Education of the Commonwealth of Puerto Rico, the Department of Education of the Commonwealth of Puerto Rico ("Department"), and the Commonwealth of Puerto Rico ("Commonwealth"). On March 5, 2002, defendants moved for dismissal of the Amended Complaint pursuant to Fed.R.Civ.P. Rule 12(b)(6) alleging that Garcia failed to state a claim upon which relief can be granted (Docket No. 27). For the reasons dis-

1. 42 U.S.C. § 2938 does not exist. Thus, Garcia's claim under 42 U.S.C. § 2938 is summarily dismissed.

2. Vitor Fajardo is no longer the Secretary of Education of the Commonwealth of Puerto Rico. He was replaced by Cesar Rey after the November 2000 general elections. Pursuant to Fed.R.Civ.P. 25(d)(1), Victor Fajardo has been automatically substituted for Cesar Rey in the claims against the Secretary in his official capacity.

cussed below, defendants' motion is **GRANTED.**

## FACTUAL BACKGROUND[3]

In 1996 Garcia ran as the Popular Democratic Party ("PDP") candidate, in the mayoral elections of Loiza. She did not win. As of January, 1997, Garcia was employed by the Department of Education, and was publicly identified as an activist of the PDP. Defendant Secretary is a leader and member of the New Progressive Party (NPP). Garcia claims that, beginning in 1997, and up to this date, Secretary maliciously engaged in discriminatory and retaliatory practices against her due to her political association with the PDP.

## DISCUSSION

A. *Motion to Dismiss Standard.*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of her claim which would entitle her to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiff is responsible for putting her best foot forward in an effort to

present a legal theory that will support her claim. *Id.,* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

B. *Failure to State a claim under the Americans with Disabilities Act.*

■■■■ Defendants claim that in light of the Supreme Court decision in *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 368, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), the Eleventh Amendment renders a State immune from an ADA claim brought in federal court unless the State has consented to suit. The key issue is whether the defendants are absolutely immune from suit in light of the United States Supreme Court's decision in *Garrett.* In *Garrett,* the Supreme Court held that although the ADA contains a clear statement of Congress' intent to abrogate the States' immunity, the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment. *Garrett,* 531 U.S. at 368, 121 S.Ct. 955(Congress assembled evidence of state discrimination in employment against the disabled "falls short of even suggesting the pattern of unconstitutional discrimination on which § 5 legislation must be based.") Accordingly, an aggrieved party cannot bring an ADA claim against a nonconsenting State in federal court. *Id.* This absolute immunity is dispositive of Garcia's ADA claim against the Commonwealth, the Department and the Secretary in his official capacity.

C. *Personal Liability under Americans with Disabilities Act.*

■■■ Secretary cannot be sued in his personal capacity under the ADA. Al-

---

**3.** The facts are taken from the Amended Complaint.

though the First Circuit has not decided the issue, this Court has followed the majority of the circuits in holding that no individual liability can attach to agents and supervisors. *See Vicenty Martell v. Estado Libre Asociado de P.R.,* 48 F.Supp.2d 81, 87 (D.P.R.1999)(SEC); *Sifre v. Department of Health,* 38 F.Supp.2d 91, 105–106 (D.P.R.1999) (JP); *Figueroa v. Fajardo,* 1 F.Supp.2d 117, 120 (D.P.R.1998)(RLA); *Rivera Rodriguez v. Police Dep't of P.R.,* 968 F.Supp. 783, 785–786 (D.P.R.1997) (JP); *see also Meara v. Bennett,* 27 F.Supp.2d 288, 290 (D.Mass.1998); *Miller v. CBC Companies,* Inc., 908 F.Supp. 1054, 1065 (D.N.H.1995). Accordingly, Garcia's ADA claim against Secretary in his individual capacity must be dismissed.

D. *Failure to State a claim under 42 U.S.C. § 1983 (First Amendment, Due Process and Equal Protection) against co-defendants Commonwealth, Department and Secretary in his official capacity.*

 With respect to Garcia's 42 U.S.C. § 1983 claim against co-defendants Commonwealth, Department and Secretary in his official capacity, it is well established that the Eleventh Amendment bars a section 1983 action against a State, State Agency, or any State Official in his official capacity for monetary damages that would have to be paid from the state treasury. *See Wang v. New Hampshire Board of Registration in Medicine,* 55 F.3d 698, 700 (1st Cir.1995); *Vega Castro v. Puerto Rico,* 43 F.Supp.2d 186, 189 (D.P.R.1999). The Commonwealth of Puerto Rico enjoys the full benefits of the Eleventh Amendment. *See Ursulich v. Puerto Rico Nat. Guard,* 384 F.Supp. 736, 737 (D.P.R.1974). Accordingly, Garcia's 42 U.S.C. § 1983 claim against co-defendants Commonwealth, Department and Secretary in his official capacity must be dismissed.

E. *Failure to State a claim under 42 U.S.C. § 1983 (First Amendment) against co-defendant Secretary in his personal capacity.*

 Political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns,* 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). To prevail on a political discrimination claim against co-defendant Secretary, Garcia must establish that: 1) he engaged in a constitutionally protected conduct; and 2) that this conduct was a substantial or motivating factor in an adverse employment decision affecting him. *See Mt. Healthy City School District Board v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471(1977); *Padilla–Garcia v. Guillermo Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000). To meet this burden, Garcia must show that there is a causal connection linking Secretary's conduct to Garcia's political beliefs. *See LaRou v. Ridlon,* 98 F.3d 659, 662 (1st Cir.1996).

 Here, Garcia has failed to establish a causal connection between Secretary's conduct and Garcia's political beliefs inasmuch as the Amended Complaint does not meet the heightened pleading requirement established by the United States Court of Appeals for the First Circuit in civil rights cases. *See Judge v. City of Lowell,* 160 F.3d 67(1st Cir.1998)(A bare conclusory allegation of an intent to discriminate is insufficient; specific non-conclusory facts from which such an intent may reasonably be inferred is required.); *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 19 (1st Cir.1989)("[M]erely juxtaposing the fact of one's [political affiliation] with an instance of discrimination is insufficient to state a claim.") Hence, to survive a motion to dismiss, Garcia must set forth specific factual allegations supporting a causal

link between Secretary's conduct and her political affiliation. *Judge,* 160 F.3d at 76.

■ A careful reading of the Complaint shows that Garcia has not alleged sufficient facts to show that Secretary's actions were based on any particular instances of political discrimination targeting Garcia. In the Amended Complaint, Garcia asserts that she is a member of the Popular Democratic Party (PDP); (Amended Complaint at 3). Hence, she is engage in a constitutionally protected activity. Garcia further claims that, inasmuch as she was a PDP activist, Secretary intimidated, persecuted, harassed and humiliated her. (Id.) Garcia contends that Secretary: 1)refused to consider her for a position for which she was qualified, 2)deprived her of her prerogatives, and, without justification, 3) excluded her from participating in meetings. (Id.) Thus, the facts alleged in the Amended Complaint do not give rise to any reasonable inference that Secretary was motivated by a political discriminatory animus against Garcia. *Judge,* 160 F.3d at 75.

Accordingly, inasmuch as Garcia's Amended Complaint have failed to meet the heightened pleading requirement established by the First Circuit in this type of action, the Court must dismiss Garcia's 42 U.S.C. § 1983 First Amendment claim.

F. *Failure to State a claim under 42 U.S.C. § 1983 (Equal Protection) against co-defendant Secretary in his individual capacity.*

■ Garcia avers that she was denied the right to equal protection of the laws under the Fifth and Fourteenth Amendment. One who asserts that governmental action violates the Equal Protection Clause must show that she is "the victim of intentional discrimination." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207, (1981). In order to state a claim under the Equal Protection Clause, Garcia must allege not only that Secretary was aware of her political affiliation at the time of his actions, but also that Secretary acted because of her political affiliation. *See Personnel Administrator v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870(1979).

■ In the Amended Complaint, Garcia asserts that she was denied equal treatment with other employees. (Amended Complaint at 3). This isolated allegation by itself or even taken with the others in the Amended Complaint do not give rise to any reasonable inference that Secretary was motivated by a political discriminatory animus against Garcia.

Accordingly, inasmuch as Garcia's Amended Complaint has failed to meet the heightened pleading requirement established by the First Circuit in this type of action, the Court must dismiss Garcia's 42 U.S.C. § 1983 Equal Protection Clause claim.

G. *Failure to State a claim under 42 U.S.C. § 1983 (Due Process) against co-defendant Secretary in his individual capacity.*

■ Under the Fourteenth Amendment to the Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. IV, § 1. In order to establish a procedural due process claim under 42 U.S.C. § 1983, Garcia must allege first that she has a property interest as defined by state law and, second, that defendants, acting under color of state law, deprived her of that property interest without a constitutionally adequate process. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *PFZ Properties, Inc. v. Rodriguez,* 928 F.2d 28, 30(1st Cir.1991).

■ In the Amended Complaint, Garcia asserts that Secretary threatened to terminate her employment. (Amended Complaint at 3). This isolated allegation by itself or even taken with the others do not give rise to any reasonable inference that Secretary deprived Garcia of a property interest without constitutionally adequate process.

Accordingly, inasmuch as Garcia's Amended Complaint has failed to meet the heightened pleading requirement established by the First Circuit in this type of action the Court must dismiss Garcia's 42 U.S.C. § 1983 Due Process Clause claim.

**H.** *Failure to state Title VII hostile work environment and retaliation claims.*

■ Garcia does not seek relief under Title VII in any of the counts in the Amended Complaint. Garcia, however, claims that Secretary's alleged discriminatory conduct was in retaliation for her complaints about irregularities in the performance of public duties. (Amended Complaint at 3). Garcia further avers that Secretary created and encouraged a hostile work environment against her. (Id.) This court finds that Garcia's pleadings, even if they were to be construed liberally as pursuing hostile work environment and retaliation claims under Title VII founder for the simple reason that in the Amended Complaint, she has failed to allege that she complied with the mandatory procedural requirements anteceding the filing of a lawsuit in federal court. Title VII states:

[A] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred, ... [or if] the person aggrieved ... initially instituted proceedings with a State of local agency with authority to grant or seek relief from such practices ... such charges shall be filed by or on behalf or the person ... within three hundred days after the alleged unlawful employment practice occurred.

42 U.S.C. § 2000e–5(e)(1994). The reason for this requirement is to "provide defendants with 'prompt notice of claims and to create an opportunity for early conciliation'." *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico,* 160 F.Supp.2d 188, 195 (D.P.R.2001)(citing *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir.1996)).

The First Circuit has held that "a claimant who seeks to recover ... for an asserted violation of Title VII, must first exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits." *Bonilla v. Muebles J.J. Alvarez,* 194 F.3d 275, 278 (1st Cir.1999). Moreover, "[t]his omission, if unexcused, bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of a suit." *Id.*

To seek recovery for her Title VII claims, Garcia was required to file administrative charges prior to filing suit. In this case, neither the Amended Complaint nor any of its attachments indicate that Garcia filed a charge of discrimination with the EEOC prior to filing the present lawsuit. As a result, Garcia may not pursue a Title VII hostile work environment or retaliation claim in this lawsuit based on the Amended Complaint.

**I.** *Failure to state a claim under 42 U.S.C. § 1981*

■ 42 U.S.C. § 1981, which prohibits racial discrimination, states, in pertinent part, that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue,

be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981. The Amended Complaint contains no reference to an act of race discrimination by any of the defendants. Accordingly, Garcia's claim under 42 U.S.C. § 1981 must be dismissed.

### J. *Failure to state a claim under Title VI of the Civil Rights Act of 1964.*

 Title VI prohibits "any program or activity receiving Federal financial assistance" from discriminating based on "race, color, or national origin." 42 U.S.C. § 2000d. The Amended Complaint contains no reference to an act of race, color or national origin discrimination by any of the defendants. Accordingly, Garcia's claim under 42 U.S.C. § 2000d must be dismissed.

### K. *Failure to state a claim under Title IX of the Civil Rights Act of 1964.*

 Title IX of the Civil Rights Act of 1964 states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (1994). The Amended Complaint contains no reference to an act of gender discrimination by any of the defendants. Accordingly, Garcia's claim under Title IX must be dismissed.

### L. *Failure to state a claim under 42 U.S.C. §§ 1985(3) and 1986.*

 "Under § 1985(3), a plaintiff must file a detailed factual pleading to survive a motion to dismiss." *Mendez v.*

*Belton,* 739 F.2d 15, 19 (1st Cir.1984). Garcia has failed to proffer sufficient facts to constitute a conspiracy for her claim under § 1985(3) to survive.

In order to avoid [interpreting § 1985(3) as a general federal tort law], the Court has construed the statute to require, as an element of the cause of action, a showing of some invidiously discriminatory motivation. "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action."

*Bricker v. Crane,* 468 F.2d 1228, 1232 (1st Cir.1972) (*citing Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). Garcia's 42 U.S.C. §§ 1985(3) and 1986 claims must, therefore, be dismissed.

### M. *Supplemental State Claims.*

Supplemental state claims must be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), inasmuch as no federal claims to ground jurisdiction remain in this case.

### CONCLUSION

In light of the foregoing, the Court grants defendants' motion to dismiss (Docket Nos. 11, 12, 27) and dismisses all federal claims against defendants with prejudice. The supplemental state claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), inasmuch as no federal claims to ground jurisdiction remain in this case.

IT IS SO ORDERED.