Diliana **HERNANDEZ PAYERO,**
Plaintiff

v.

Commonwealth of **PUERTO RICO,**
et al., **Defendants.**

Civil No. 02–2470 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 30, 2004.

Carlos A. Piovanetti–Rivera, Piovanetti Law Office, Carlos A. Piovanetti–Dohnert, San Juan, PR, for Plaintiff.

Felix M. Roman–Carrasquillo, Yvonne M. Menendez–Calero, Quinones & Sanchez, PSC, San Juan, PR, Francisco Rios–Rivera, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

The complaint in the present action was filed by plaintiff Diliana Hernandez Payero (hereinafter "Hernandez") against the Commonwealth of Puerto Rico on September 27, 2002, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as well as 42 U.S.C. § 1983 and § 1981[1]. In addition, Hernandez invokes supplemental jurisdiction for claims pursuant to Puerto Rico Law 100 and Articles 1802 and 1803 of the Puerto Rico Civil Code. On January 12, 2004, co-defendants Miguel Pereira, Pierre Vivoni, Juan Caceres Mendez, Jorge Rivera Correa, Miguel Angel Aviles Heredia, Manuel de Jesus Torres Hernandez, William Miro Zayas, Victor Rivera Gonzalez, Juan Comas Valles and Pedro Toledo (hereinafter "Co-defendants") filed a motion to dismiss for failure to state a claim upon which relief could be granted, and for failure to comply with procedural requirements prior to the filing of the complaint. (Docket No. 40.) Defendant Carlos M. Castaño Morell (hereinafter "Castaño") filed a separate motion to dismiss (Docket No. 55), also for failure to state a claim and for Eleventh Amendment Immunity. In addition, Castaño filed a motion to strike (Docket No. 60) as to issues raised in plaintiff's opposition that were not part of the Complaint nor of the Second Amended Complaint. These motions were referred to Magistrate–Judge Camille Velez–Rive for a report and recommendation on July 9, 2004, and subsequently the Magistrate–Judge issued a report and recommendation (Docket No. 68), recommending that the Co-defendant's motion to dismiss be granted only as to the Title VII claims in their personal capacity, that Castaño's motion to dismiss be denied, and his motion to strike be granted. Defendant Castaño and the Co-defendants timely filed their oppositions, now under this Court's consideration.

## FACTUAL BACKGROUND

Hernandez is a former Puerto Rico Police Officer who was under the direct supervision of Castaño. She claims that Castaño subjected her to a pattern of discrimination, including a series of acts of sexual harassment and subsequent retaliation, as well as discrimination because of her pregnancy. Hernandez asserts that this conduct continued during a period of two years, during which she asked to be reassigned and filed complaints of discrimination and harassment until she was forced to resign from the Puerto Rico Police Department.

## STANDARD OF REVIEW

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recom-

---

1. However, the claim properly falls under § 1981(a), which provides for the recovery of punitive damages, as discussed in the Magistrate–Judge's Report and Recommendation (Docket No. 68).

mendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992) (citations omitted).

## DISCUSSION

### I. *Defendant Carlos M. Castaño Morell's objections*

#### A. *Dismissal of Title VII claims*

In the Magistrate–Judge's Report and Recommendation, the Magistrate denies the dismissal of the Title VII claims against defendant Castaño in his individual capacity because of Castaño's failure to raise said issues. However, Castaño correctly argues that said argument was presented in his motion to dismiss. Therefore, this Court will grant Castaño's objection and will dismiss the Title VII claims against him in his individual capacity, under the same reasoning as the one applied to the other defendants in this case.

#### B. *Amendment of the Complaint*

Defendant objects to the Magistrate's recommendation that this Court allow Hernandez to amend her complaint, for a third time, to include causes of action pursuant to Puerto Rico Law 69 and Law 17. This Court concurs with Castaño's analysis that, even if one considers the filing of the Complaint, Amended Complaint and Second Amended Complaint as having tolled the statute of limitations for these claims, the fact is that more than one year has passed since the filing of the Second Amended Complaint. Therefore, Hernandez's claims under Law 69 and 17 are time-barred.

#### C. *Dismissal of claim under 42 U.S.C. § 1983 and Article 1802 of the Puerto Rico Civil Code*

Defendant *Castaño* objects to the Magistrate's finding that the claims under 42 U.S.C. § 1983 and Article 1802 of the Puerto Rico Civil Code should not be dismissed against him. In essence, defendant's objection simply restates the arguments that the Magistrate–Judge already considered. Under this premise, he cannot expect the Court to treat the filing seriously. Therefore, *Castaño's* objection must be denied.

#### D. *Dismissal of claim under 42 U.S.C. § 1981(a)*

Castaño objects to the Magistrate's denial of his request for dismissal of the § 1981(a) claim for punitive damages on the grounds that a § 1981(a) claim simply expands the scope of remedies available under Title VII and does not provide a separate cause of action. Castaño argues that, because individuals are not liable under Title VII, they are also not liable under § 1981(a). While this issue has not been addressed by the First Circuit, a

district court within the Ninth Circuit does provide a lengthy discussion of who may be held liable under § 1981(a). *See Sattar v. Unocal,* 829 F.Supp. 331 (N.D.Cal.1993). This Court finds the District Court's reasoning in *Sattar* persuasive, and finds that defendant may not be held liable in his individual capacity for punitive damages under § 1981(a). Therefore, the § 1981(a) claim against Castaño, like the claims under Title VII in his individual capacity, must be dismissed.

### E. *Dismissal of Puerto Rico Law 100 claim*

Castaño objects to the Magistrate–Judge's recommendation denying the dismissal of the Law 100 claims on the grounds that it applies only to the Commonwealth of Puerto Rico when the same operates as a business or private enterprise, and to its agents. Under Law 100, the term "employer" is defined as: "any natural or artificial person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises." P.R. Laws Ann. tit. 29, § 151 (1995). It is well established, however, that the Puerto Rico Police Department functions as an arm of the state. *See Castro v. Puerto Rico,* 43 F.Supp.2d 186, 190 (D.P.R.1999). Because the Puerto Rico Police Department is an arm of the state and does not function as a business or private entity, Law 100 is not applicable. As Law 100 does not apply to the Puerto Rico Police Department, it would defy reason to hold Castaño liable in his official capacity under the same. *See Arizmendi–Corales, et al. v. Javier Rivera, et al.,* 2001 WL 1636736, at *1, 2001 U.S.

Dist. LEXIS 23339 at *4. Therefore, the Law 100 claim against Castaño must be dismissed.

### II. *Co-defendant's objection*

Co-defendants in this matter object to the Magistrate–Judge's recommendation that "the request for dismissal as to all co-defendants as to all remaining claims for civil rights violations, which have not been argued by the parties in their request for dismissal, BE DENIED." The co-defendants' objection to said recommendation is that defendants had not been in a position to argue for dismissal of the remaining actions. While this may be true, this Court notes that discovery in this case is already under way, and that at this stage of the proceedings and in the interests of judicial economy, any further arguments will be better served through a motion for summary judgment. Therefore, co-defendant's objection is hereby denied, without prejudice to the future submission of a motion for summary judgment.

The Court's review of the record leads it to concur with Magistrate–Judge Velez' conclusions, with the exception of those issues discussed above. Hence it partially ADOPTS the report and recommendation.

### CONCLUSION

For the foregoing reasons, the Court partially **ADOPTS** Magistrate–Judge Camille Velez–Rive's Report and Recommendation. The motions to dismiss as plaintiff's Title VII claims against Co-defendants including Castaño is hereby **GRANTED** for lack of individual liability under Title VII. In addition, the claims against Castaño pursuant to 42 U.S.C. § 1981(a) and to Law 100 are **DISMISSED WITH PREJUDICE.** Finally, Castaño's motion to strike is hereby **GRANTED,** and plaintiff is precluded

from amending the complaint to include claims pursuant to Law 69 and Law 17 due to their being time-barred. Partial judgment shall issue accordingly.

IT IS SO ORDERED.