Evelyn **BONILLA** and **Rafael Colon,**
**Plaintiffs, Appellants,**

v.

**MUEBLES J.J. ALVAREZ, INC.,**
**Defendant, Appellee.**

**No. 99–1381.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 10, 1999.

Decided Oct. 26, 1999.

Franklin Rodríguez Mangual and Enrique Alcaraz Micheli on brief for appellants.

Johanna Emmanuelli Huertas and Law Offices of Pedro Ortiz Alvarez on brief for appellee.

Before SELYA, BOUDIN and LIPEZ, Circuit Judges.

SELYA, Circuit Judge.

■ This appeal presents a question concerning the procedural path that must be followed to prosecute a private action for a claimed violation of Title I of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213 (1990). Because the district court dismissed the case for lack of subject matter jurisdiction, Fed. R.Civ.P. 12(b)(2), our review is plenary. *See BIW Deceived v. Local S6,* 132 F.3d 824, 830 (1st Cir.1997). In carrying out that task, we draw the underlying facts from the plaintiffs' complaint (despite the defendant's denial of several key aspects of the plaintiffs' account). *See Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998).

Plaintiff-appellant Evelyn Bonilla[1] worked as a sales clerk in a furniture store. She underwent a surgical laminectomy in May 1997 and spent several weeks recuperating, returning to work on August 1. Since her regular routine required her to climb stairs in a two-story building and to move heavy furniture, she sought an accommodation from her employer, defendant-appellee Muebles J.J. Alvarez, Inc. (Alvarez). She contends that Alvarez refused her request, ordered her to stay away until she had recovered fully, and told her that she would be relegated to part-time work upon her return.

■ To make a tedious tale tolerably terse, the appellant left that day and never returned. Instead, she sued Alvarez ten months later, claiming a violation of the ADA. Alvarez asked the district court to dismiss the suit on the ground that the appellant had neither filed a claim with, nor obtained a right-to-sue letter from, either the Equal Employment Opportunity Commission (EEOC) or the Department of Labor of the Commonwealth of Puerto Rico. *See* 42 U.S.C. § 12117 (incorporating by reference, inter alia, 42 U.S.C. § 2000e–5(f)(1)). The appellant replied that the ADA did not require such antecedent steps. The district court agreed with Alvarez and dismissed the case. We now consider whether administrative action must be taken as a prerequisite to filing a federal suit under Title I of the ADA.

■ The appellant contends that filing a claim with the EEOC before bringing an ADA case in federal court is an option, not a prerequisite. We have not previously had the opportunity to address this question. We do so today. We hold that the ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and that, absent special circumstances (not present here), such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA. *Accord Dao v. Auchan Hypermarket,* 96 F.3d 787, 789 (5th Cir.1996); *Stewart v. County of Brown,* 86 F.3d 107, 111 (7th Cir.1996); *McSherry v. Trans World Airlines, Inc.,* 81 F.3d 739, 740 n. 3 (8th Cir.1996).

Refined to bare essence, this appeal presents a question of statutory construction. As with all such questions, we focus first on the words that Congress chose to implement its wishes.[2] The ADA states in relevant part:

The powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title shall be the powers, remedies, and procedures this subchapter provides to the [EEOC], to the Attorney General, or to any person alleging discrimination on the basis of disability. . . .

---

1. Bonilla's husband, Rafael Colon, also appears as a plaintiff. Since his claims are purely derivative, we treat the matter as if Bonilla were the sole plaintiff.

2. Because the plain meaning of the statute resolves the issue *sub judice,* we need not rummage through the legislative history or search for other interpretive aids. *See Barnhill v. Johnson,* 503 U.S. 393, 401, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992); *United States v. Charles George Trucking Co.,* 823 F.2d 685, 688 (1st Cir.1987).

42 U.S.C. § 12117. This language leaves no room to quibble: instead of starting entirely from scratch when drafting the ADA, Congress borrowed liberally from Title VII. Among other things, it engrafted onto the ADA the full panoply of "procedures" described in section 2000e of Title VII, and decreed that those enumerated procedures "shall be" applicable to proceedings under Title I of the ADA. In an age when Congress sometimes sounds an uncertain trumpet, this message comes through loud and clear. The question, then, reduces to what these transplanted procedures are and how they affect this case.

■ For present purposes, we narrow the lens of inquiry to section 2000e–5 of Title VII, because it alone is germane to the issue posed by this appeal.[3] That section states in pertinent part that a charge "shall be filed" with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days if "the person aggrieved has initially instituted proceedings with [an authorized] State or local agency." 42 U.S.C. § 2000e–5(e).[4] This completes our quest: a claimant who seeks to recover for an asserted violation of Title I of the ADA, like one who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits. The appellant has done neither. This omission, if unexcused, bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of suit.

See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir.), cert. denied, 522 U.S. 935, 118 S.Ct. 342, 139 L.Ed.2d 266 (1997); Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994); see also, Dao, 96 F.3d at 788–89 (applying Title VII's charge-filing requirement in the ADA context); Stewart, 86 F.3d at 110–11 (same).

■■ We say "unexcused" because this charge-filing requirement, while obligatory, is not jurisdictional. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Rather, it is more akin to a statute of limitations and therefore subject to the usual gamut of equitable exceptions. See id. The appellant grasps at this straw and, as a fall-back, asks that we relax the rigors of the charge-filing requirement by applying equitable tolling here.

■ We begin our consideration of this solicitation with bedrock: the baseline rule is that time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly. See Rys v. United States Postal Serv., 886 F.2d 443, 446 (1st Cir.1989) (explaining that courts should take a "narrow view" of equitable exceptions to Title VII limitations periods); Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 185 (1st Cir.1989) (similar). Because the relevant limitation period originates in a federal statute, federal law supplies the rule of decision in respect to the equitable tolling issue. See Chico–Velez v.

---

3. The other sections of Title VII mentioned in 42 U.S.C. § 12117 deal, respectively, with creation of the EEOC, 42 U.S.C. § 2000e–4; the Attorney General's power to bring enforcement suits, id. § 2000e–6; the investigatory process in regard to administrative claims, id. § 2000e–8; and the conduct of administrative hearings, id. § 2000e–9.

4. The longer period is available only in so-called "deferral" jurisdictions. See 42 U.S.C.

§ 2000e–5(e); see also Mohasco Corp. v. Silver, 447 U.S. 807, 817, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Puerto Rico is a deferral jurisdiction, and the Commonwealth's Department of Labor is an agency empowered to grant or seek relief from unlawful employment practices (and, thus, authorized within the purview of section 2000e–5(f)). See 29 C.F.R. § 1601.74 (1991).

*Roche Prods., Inc.*, 139 F.3d 56, 58 n. 3 (1st Cir.1998).

■ Generally speaking—peculiar circumstances may leave some wiggle room—equitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond her control (such as when her employer actively misleads her, and she relies on that misconduct to her detriment). *See Mack*, 871 F.2d at 185; *Earnhardt v. Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982); *see also Kelley v. NLRB*, 79 F.3d 1238, 1248 (1st Cir.1996). Here, however, the appellant has laid claim to equitable tolling but has advanced no developed argumentation in support of her claim. Moreover, her complaint does not allege any facts that remotely suggest a plausible basis for such relief. That ends the matter: the federal standard reserves equitable tolling for exceptional cases, and the appellant has done nothing to bring herself within that tiny sphere.

We need go no further.[5] Because the appellant inexcusably failed to take administrative action that is a prerequisite to filing a federal suit under Title I of the ADA, the judgment below must be

*Affirmed.*

---

**5.** Because the appellant's unexcused failure to comply with the charge-filing requirement dooms her case, we need not pursue the consequences of her failure to obtain a right-to-sue letter.