Reynolds, et al. v. CFX Mortgage, et   CV-98-649-M   01/26/00
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


David C. and Kathryn Reynolds,
Individually and as Shareholders
and Principals of Misfits, Inc.,
a/k/a Craney Hill Restaurant &
Lounge, Gas Pump Alley, Inc.,
and Dave and Kay Leasing, LLC,
      Plaintiffs

      v.                                    Civil No. 98-649-M
                                            Opinion No. 2000 DNH 020
CFX Mortgage, Inc., CFX Bank, and
Bank of New Hampshire Corporation,
      Defendants


                         **O R D E R**


      Having considered the Magistrate Judge's Report and

Recommendation (document no. 49) and the objections thereto

(document no. 50), I approve the report and accept the

recommendations in part, and sustain the objection in part, as

explained below.

      I note, first, that plaintiffs' ADA claim is dismissed as

recommended, but not for want of federal subject matter

jurisdiction.  Rather that claim is dismissed for failure to

exhaust administrative remedies.  The requirement that an administrative claim be filed before a federal court can entertain an ADA claim is in the nature of an exhaustion prerequisite, but it is not jurisdictional.  See Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275 (1st Cir. 1999).  Plaintiff's objection to the Report and Recommendation vaguely hints at the existence of some justifiable reason or special circumstance warranting excusal of the exhaustion requirement, but he does not argue what they might be or what authority might support his entitlement to avoid the requirement.  Accordingly, normal governing rules apply, and the count must be dismissed.

Next, I agree that the Rehabilitation Act count fails to describe a colorable claim arising under federal law.  As a matter of law, the defendant bank is not a "recipient of federal financial assistance" simply because the Small Business Administration guaranteed the loans at issue.  That count is dismissed as recommended.

However, plaintiffs' objection to the Magistrate Judge's recommendation to dismiss Count XII, the Expedited Funds

2

Availability Act (EFAA) claim, has merit.  The Magistrate Judge recommended dismissal on grounds that plaintiffs failed to plead facts sufficient to confer federal jurisdiction, in that they failed to plead facts showing that their EFAA claim arose within one year of the complaint's filing.  The EFAA (12 U.S.C. § 4010(d)) provides a civil action may be brought "within one year after the date of the occurrence of the violation involved."

That provision operates as a statute of limitations, not a jurisdictional prerequisite, and plaintiffs are not obligated to affirmatively plead facts bringing their claim within the one year statute of limitations.  See Beffa v. Bank of West, 152 F.3d 1174 (9th Cir. 1998); Betten v. Citibank, F.S.B., 1995 WL 387802 (N.D.Ill., 1995) (facts showing EFAA claim satisfies one year requirement of § 4010(d) need not be pled to state a cause of action).  Defendants have raised the statute of limitations as a defense in their Answer (paragraph 160), but have not moved to dismiss Count XII.

Construing Count XII liberally, it describes a violation of the EFAA in that plaintiffs state, albeit in broad terms, that at

3

some point they deposited cash with the defendant bank and, in violation of the Act, that cash was not available for withdrawal on the next business day.  They also claim actual and statutory damages.  To be sure, most significant details are missing, but the bare facts (deposit of cash and next day unavailability) are adequately pled, at least adequately to avoid sua sponte dismissal.

However, another difficulty with plaintiffs' pleadings is apparent.  The EFAA claim is a narrow one, circumscribed by the statute creating it.  It does not appear that the EFAA claim, the only remaining federal claim, will support this court's exercise of supplemental jurisdiction over the numerous state causes of action asserted by plaintiffs.  The EFAA claim may have to stand alone.

In order for supplemental jurisdiction to attach, the state law causes of action and the EFAA claim must arise from a "common nucleus of operative facts," such that plaintiffs "would ordinarily be expected to try them all in a single judicial proceeding."  <u>United Mine Workers of America v. Gibbs</u>, 383 U.S.

4

715, 725 (1966).  The federal and state claims must "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  And, the exercise of supplemental jurisdiction is discretionary – "depending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  City of Chicago v. International College of Surgeons, 522 U.S. 156, 118 S.Ct. 523, 534 (1997).

It is difficult to assess the propriety of exercising supplemental jurisdiction since the facts underlying the plaintiffs' EFAA claim remain undisclosed.  Accordingly, plaintiffs shall show cause within thirty (30) days of the date of this order why the court should exercise discretionary supplemental jurisdiction over the numerous state law claims described in the complaint, given that the EFAA claim is the only remaining federal cause of action.

Accordingly, the Report and Recommendation is approved in part and rejected in part.  Defendants' motion for injunctive or

receivership type relief (document no. 42) is denied.

Plaintiff's ADA claim is dismissed, without prejudice, for

failure to exhaust administrative remedies.  Plaintiff's

Rehabilitation Act claim is dismissed, with prejudice, for

failure to state a claim upon which relief can be granted (banks

making loans guaranteed by the Small Business Administration do

not receive "federal financial assistance" within the meaning of

the Rehabilitation Act).  Plaintiff's EFAA claim is not

dismissed.  However, plaintiffs shall show cause within thirty

(30) days of the date of this order why the court should exercise

supplemental jurisdiction over the numerous state law claims

asserted in the complaint.


        **SO ORDERED.**


                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

January 26, 2000

cc:  Stephen H. Roberts, Esq.
     John D. Frumer, Esq.
     William S. Gannon, Esq.

6