# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

_____

No.  99-1708


**FELIX A. LANDRAU-ROMERO,**
**Plaintiff-Appellant,**


**v.**


**BANCO POPULAR DE PUERTO RICO,**
**Defendant-Appellee.**

_____


**Before**
**Selya, Circuit Judge,**
**Campbell, Senior Circuit Judge,**
**and Stahl, Circuit Judge.**


_____


**Order of Court**
**Entered: May 24, 2000**


In his petition for rehearing, Landrau asserts error in the disposition of his failure to promote and constructive discharge claims pursuant to Law 100, P.R. Laws Ann. 29, § 146 et seq.  We disagree and deny the petition.

Landrau contends that his failure to promote claim is not time-barred under state law because Law 100 contains no administrative filing requirement.  Hence, he argues, his complaint in federal district court was timely filed as to that count.  Law 100, however, has a statute of limitations of one year.  See Iglesias v. Mutual Life Ins. Co., 156 F.3d 237, 240 (1st Cir. 1998).  Landrau's failure to promote claim accrued no later than April 1993, when Bou filled the position Landrau had sought; Landrau filed his complaint on April 16, 1996, some three years later.  Hence, Landrau's Law 100 failure to promote claim is plainly untimely under the applicable statute of limitations (even ignoring Landrau's own failure to have referred to that statute, see Landrau-Romero v. Banco Popular De Puerto Rico, NO. 99-1708, 2000 WL

343480 at *8 n.10 (1st Cir. Apr 06, 2000)).

Landrau argues that defendant waived its time-bar defense as to the state claim by not raising the defense in its motion for summary judgment. However, in its answer to Landrau's amended complaint, defendant stated as an affirmative defense that "the complaint is untimely and time-barred." Later, in its motion for summary judgment, Banco Popular asserted that Landrau's "claims" for failure to promote were time-barred. It is true that defendant did not specifically deal with Puerto Rico's statute of limitations as distinct from the federal limitations scheme; both parties appeared to concentrate on the latter, as did the district court. Had Landrau wished to argue that the state statute did not constitute a bar, and that the federal statute was inapplicable, however, he was free to do so. Given that the question of a time bar was put squarely in issue, we see no reason at the present juncture for this court not to analyze timeliness under whichever statute of limitations applies. We are permitted to affirm a district court's grant of summary judgment on any ground supported by the record. See Morais v. Central Beverage Corp. Union Employees' Supplemental Retirement Plan, 167 F.3d 709, 712 (1st Cir. 1999). Accordingly, we are satisfied, in any event, that Landrau's Law 100 claim was time-barred.

Landrau also maintains that his state-law constructive discharge claim should stand because his resignation was not unreasonably late following his mistreatment. He contends that the panel opinion neglected to take into account several events set forth in the record that occurred between July and November, 1994. Landrau relies, inter alia, on evidence of his having received adverse job evaluations; his employer's refusal to provide copies of certain records that Landrau requested; criticism because his computer was used to process mortgages with errors; his written job description's inclusion of physical tasks despite Landrau's inability to lift heavy objects; and a meeting in which the bank stated its conclusion that there had been no discrimination against Landrau.

Landrau's argument is flawed for two reasons. First, as stated in our opinion, Landrau did not affirmatively identify specific, dated incidents of mistreatment after July in response to defendant's untimeliness argument (which was made below with regard to the Title VII claim). Moreover, none

of the alleged events he now names indicate mistreatment or harassment so severe as to compel resignation. They do not amount to"working conditions . . . so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." See Aviles-Martinez v. Monroig, 963 F.2d 2, 6 (1st Cir. 1992).

Finally, Landrau argues that Puerto Rico law, unlike Title VII, does not require that constructive discharge claims be filed in any particular proximity to the unreasonable working conditions. Again, this distinction was not argued earlier, although Landrau discussed the Law 100 claim at some length in his appellate brief. It is well-settled that arguments not raised in an appellant's initial brief are waived. See Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico, 189 F.3d 1, 17 n.14 (1st Cir. 1999). Moreover, Landrau identifies no Puerto Rico case law rejecting the notion that a plaintiff must resign within a reasonable time period following mistreatment in order to state a claim for constructive discharge. It is by no means clear that the Puerto Rico courts, if given the opportunity to address the issue, would not apply the same limitation contained in federal law.

The petition for rehearing is denied.

By the Court,
Phoebe Morse, Clerk.

B       y       :
_____/s/_____
Chief Deputy Clerk

[cc: Mr. Mellado-Gonzalez, Mr. Davila & Mr. Manzano-Yates]