Judy KERSEY, Plaintiff—Appellant,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation; Phil Reddick, an individual, and in his official capacity as a manager, Defendants—Appellees.

No. 00–16526.

D.C. No. CV–98–00705–ECR (PHA).

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2002.*

Decided March 18, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Judy Kersey appeals the summary judgment in favor of Costco Wholesale Corporation (Costco) on her claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* We affirm.

▪ Any lifting restriction that applies to Kersey does not substantially limit a major life activity as a matter of law. *See Thompson v. Holy Family Hosp.,* 121 F.3d 537, 540 (9th Cir.1997) (25 pound lifting restriction does not establish disability). Kersey claims to have a ten pound lifting restriction, but that restriction applied to her back injury and not fibromyalgia, the impairment that she now asserts is a disability; all of her more recent work releases either mention a weight limit obviously controlled by *Thompson* or fail to mention a lifting restriction at all. Kersey's limitations with regard to prolonged sitting, standing, or walking do not substantially limit major life activities, nor do her limitations with respect to repetitive twisting, bending, kneeling, or reaching.

▪ Kersey fails to meet her burden to demonstrate that the impact of her fibromyalgia condition will be permanent or

long-term. *See Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002).

Kersey did not exhaust her ADA retaliation claims through the appropriate administrative channels, and thus may not pursue them here. *See Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275 (1st Cir. 1999). Furthermore, she has provided no grounds for disbelieving Costco's legitimate, non-retaliatory reasons for its actions. *See Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1121 (9th Cir.2000) (en banc), *cert. granted,* 532 U.S. 970, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.