**4**

**Jai TAAL, Plaintiff, Appellant,**

v.

**HANNAFORD BROTHERS, CO.,**
**Defendant, Appellee.**

No. 06–1632.

United States Court of Appeals,
First Circuit.

Nov. 8, 2006.

Jai Taal, on brief, pro se.

William B. Pribis and Cleveland, Waters and Bass, P.A., on brief, for appellee.

Before BOUDIN, Chief Judge, SELYA and LIPEZ, Circuit Judges.

PER CURIAM.

Pro se appellant Jai Taal, who is African–American, appeals from the entry of summary judgment dismissing her race discrimination, harassment, and retaliation case against her former employer, Hannaford Brothers. Taal also appeals from the district court's denial of her motion for reconsideration. Fed.R.Civ.P. 59(e). After careful review of the record, we affirm essentially for the reasons stated by the district court. We add only the following.

Taal asserted claims based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, as well as 42 U.S.C. § 1981. In order timely to pursue her Title VII claims following the exhaustion of her administrative remedies at the New Hampshire Commission for Human Rights ("NHCHR"), Taal was required to file her complaint in the district court within 90 days of the "giving" of the right to sue letter by the Equal Employment Opportu-

nity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1). Taal concedes that her complaint was filed more than 90 days after the EEOC mailed the right to sue letter to her previous address, but she argues that her Title VII claims should not have been dismissed as time-barred because she filed suit within 90 days of *receiving* the EEOC right to sue letter at her new address, and she had provided notice of her change of address to the NHCHR while her case was pending there, which should have been sufficient notice to the EEOC of her correct address.

We have previously noted that "the baseline rule is that time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly." *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 279 (1st Cir.1999); *accord Rys v. U.S. Postal Serv.*, 886 F.2d 443, 446 (1st Cir.1989). Equitable tolling may be appropriate when a complainant misses a deadline because of "circumstances effectively beyond her control," *Bonilla*, 194 F.3d at 279, which the record shows is not the case here. Taal understood that her case had been transferred to the EEOC, and she wrote directly to the EEOC's regional office in Boston in order to obtain her right to sue letter. Ensuring that the EEOC had her correct and current address was not a circumstance beyond Taal's control.

■ Indulging all inferences in Taal's favor as the non-moving party, *Rathbun v. Autozone, Inc.*, 361 F.3d 62, 64 (1st Cir. 2004), we agree with the district court's determination that Taal simply did not make her § 1981 case under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Throughout her seven years of employment with Hannaford Brothers, Taal received consistently positive performance evaluations and modest increases in her hourly wage. That did not change after she complained of racial discrimination and harassment to upper management in January 2001, which Hannaford promptly investigated. Taal's claims of subsequent harassment and retaliation are completely unsupported and belied by the record.

We find no abuse of discretion in the district court's denial of Taal's motion for reconsideration, and its denial of her late-filed motion to compel additional discovery. *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997), *cert. denied*, 522 U.S. 1078, 118 S.Ct. 857, 139 L.Ed.2d 757 (1998).

*Affirmed.*