Florence OTERO–AVILES, Plaintiff

v.

DUPONT AGRICULTURAL CARIBE
INDUSTRIES, LTD., et al.,
Defendants.

Civil No. 05–1989 (FAB).

United States District Court,
D. Puerto Rico.

July 18, 2007.

Judith Torres–De Jesus, Torres De Jesus Law Offices, Moca, PR, for Plaintiff.

Jorge A. Antongiorgi, Miguel A. Rivera–Arce, McConnell Valdes, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

On September 19, 2005, plaintiff Florence Otero–Aviles filed this complaint alleging discrimination in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101–12300, as well as supplemental state law claims (Docket No. 1). On June 8, 2007, defendants DuPont Agricultural Caribe Industries, LTD.("DuPont"), Tomas Muñiz, Denisse Emmanuelli, Jose Reyes and Dr. Judith Ramirez ("collectively defendants") moved for summary judgment on Ms. Otero–Aviles's claims, arguing that she failed to exhaust administrative remedies (Docket No. 23). On June 20, 2007, Ms. Otero–Aviles opposed defendants' motion. (Docket No. 25). For the reasons discussed below, and in accordance with the bench order issued on July 29th, 2007 (Docket No. 33), the Court **GRANTS** Defendants' motion for summary judgment and dismisses this case, with prejudice.

█ The American with Disabilities Act ("ADA") mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. *See, Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 277 (1st Cir.1999); *see also Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–789 (5th Cir. 1996) (applying Title VII's charge-filing requirement in the ADA context). Specifically, section 2000e–5 of Title VII provides, in pertinent part, that a charge "shall be filed" with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days if "the person aggrieved has initially instituted proceedings with [an authorized] State or local agency." 42 U.S.C. § 2000e–5(e). Such compliance must occur **before** a federal court may entertain a suit that seeks recovery for an alleged violation of the ADA. *Bonilla,* 194 F.3d at 277; *Dao,* 96 F.3d at 789; *Stewart v. County of Brown,* 86 F.3d 107, 111 (7th Cir.1996); *McSherry v. Trans World Airlines, Inc.,* 81 F.3d 739, 740 n. 3 (8th Cir.1996).

█ Therefore, "a claimant who seeks to recover for an asserted violation of the ADA, like one who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits". *Bonilla* 194 F.3d at 278. In fact, the Supreme Court has said that the timeliness requirement under 42 U.S.C. § 2000e–5(e)(1) is "mandatory," and failure to file within the time period means a potential plaintiff "lose[s] the ability to recover for [the alleged discrimination]." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109–110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *see also, Frederique–Alexandre v. Department of Natural and Environmental Resources,* 478 F.3d 433, 437 (1st Cir. 2007)

█ In this case, it is uncontested that Ms. Otero–Aviles neither filed a claim with nor obtained a right to sue letter from either the EEOC or the Anti Discrimination Unit. (Docket No. 24, 5) It is also uncontested that plaintiff did not file any claim either in court or administrative agency, other than this complaint. That is, plaintiff did not exhaust the mandatory administrative proceedings, thus failing to comply with the statutory requirements of Title VII. Consequently, Ms. Otero–Aviles is barred from bringing suit inasmuch as she has failed to exhaust administrative

remedies. *Bonilla* 194 F.3d at 278 ("This omission, if unexcused, bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of suit.") Accordingly, plaintiff's claims pursuant to the ADA are dismissed with prejudice.

Plaintiff's state law claims should be also dismissed because defendants are entitled to the immunity provided by the Puerto Rico Workmen's Compensation Act, 11 P.R. Laws Ann. §§ 1–52 ("PRWCA").

■ Specifically, it is uncontested that at all relevant times DuPont was an insured employer under the PRWCA. It is also uncontested that the injuries complained by Ms. Otero–Aviles were work-related and that she received medical treatment for those conditions with the State Insurance Fund ("SIF"). (*See* Transcript of Pretrial Conference, June 29, 2007, p. 4, lines 17–25) Consequently, defendants are entitled to the immunity provided by law and Ms. Otero–Aviles "may not pursue a claim against [her] employer for damages sustained regardless of the degree of negligence attributable to his employer, including gross negligence". *See Guzman Cotto v. E.L.A.*, 156 D.P.R. 693 (2002). *See also Feliciano Rolon v. Ortho Biologics LLC*, 404 F.Supp.2d 409, 414 (D.P.R.2005).

■ The reason is simple; the PRWCA confers absolute immunity to employers who insure their workmen. In fact, the Puerto Rico Supreme Court has reiterated that the exclusivity of the remedy provided by the PRWCA is absolute, provided the employer is insured. *Lebron Bonilla v. E.L.A.*, 155 D.P.R. 475, 483 (2001)

(PRWCA provides immunity to the employer and the exclusiveness of remedy, provided the claim arises from injuries, sickness or death covered by the statute); *Hernandez Sanchez v. Bermudez & Longo*, 149 D.P.R. 543, 548 (1999) (pursuant to PRWCA, workers who sustain injuries, become sick or die as a result of work-related conditions and whose employers are insured under the statute may not sue their employers; rather relief is limited to SIF remedies); *Santiago Hodge v. Parke Davis Co.*, 126 D.P.R. 1, 8 (1990). The immunity provided by the PRWCA also covers plaintiff's coworkers when the alleged negligence of coworker was to violate the corporation's nondelegable obligation to provide a safe place of work. *Rivera v. Superior Pkg., Inc.*, 132 D.P.R. 115, 143 (1992). Accordingly, plaintiff's state law claims are also dismissed with prejudice.[1]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion for summary judgment. Ms. Otero–Aviles' ADA and state law claims are dismissed **WITH PREJUDICE**. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

■

---

1. *See Fralin v. County of Bucks*, 296 F.Supp.2d 609, 617 (E.D.Pa.2003) ("[e]llimination of the federal claim does not deprive the court of the constitutional power to adjudicate the pendent claim.") (*citing New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996)).