Anayensi **RODRIGUEZ** and Nelson Rosado Santos, and their conjugal partnership, Plaintiff(s),

v.

Alfredo **SANTIAGO**; Leslie Alsina; Ariel Rivera; Ruben A. Hernandez Gregorat, Defendant(s).

Civil No. 12–1924 (DRD).

United States District Court, D. Puerto Rico.

Signed March 31, 2014.

Norman Velazquez–Torres, Salinas, PR, for Plaintiffs.

Jorge M. Marquez–San Martin, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is defendants' *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Docket No. 13. As of this date, the defendants' motion to dismiss stands unopposed. For the reasons set forth below, the motion to dismiss is granted.

### Introduction

This is an employment discrimination case based on sexual harassment, sexual discrimination and retaliation under Title VII, 42 U.S.C. § 2000e *et seq.;* the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a and 1988; Puerto Rico Law No. 17 of April 22, 1988; Puerto Rico Law No. 69 of July 6, 1985; Puerto Rico Law No. 100 of June 30, 1959; Articles 1802 and 1803 of Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141, 5142, and Puerto Rico Law No. 115 of December 20, 1991. Plaintiff Anayensi Rodríguez also seeks equitable injunctive relief, double compensation and punitive damages, costs and reasonable attorneys fees. *See Complaint* filed on November 9, 2012, Docket No. 1. For the reasons set forth below, the motion to dismiss is granted.

### Factual and Procedural Background

On or about May 2010, plaintiff Anayensi Rodríguez ("Anayensi" or "plaintiff") was "subjected to inappropriate behavior by Ariel Rodríguez Rivera." *See Complaint,* Docket No. 1. The Court notes that the *Complaint* is silent as to the date when Anayensi commenced to work with the Department of Transportation and Public Works ("DTPW" and/or "Agency"). Plaintiff alleges that the inappropriate behavior of Ariel Rodríguez Rivera ("Rodríguez") consisted on comments made regarding her looks. Thereafter, "the comments changed in intensity and quantity." *See Complaint,* Docket No. 1, ¶ 3.6. On or about November 2010, the situation worsened. *Id.,* ¶ 3.10. At some point during December 2010 and January 2011, Rodríguez lifted the plaintiff up in the air, notwithstanding Anayensi's refusal. *Id.,* ¶ 3.13. On February 17, 2011, while plaintiff was traveling with Rodríguez and other employees in the same car, "Rodríguez slapped and grabbed plaintiff on her rights thigh." *Id.,* 3.14. Upon arrival to the office, "plaintiff went straight to the bathroom and saw Rodríguez' hand marked on her thigh." *Id.* On that same date, plaintiff notified the incident to Leslie A. Alsina ("Alsina"), the human resources liason in the office, and plaintiff asked her to speak with the office manager Alfredo Santiago ("Santiago"). Plaintiff spoke with Santiago on that same date, that is, February 17, 2011. On February 18, 2011, Anayensi delivered a written statement to Santiago, as requested. *Id.,* ¶ 3.15.

Plaintiff alleges that Santiago failed to comply with the Agency's written policy against sexual harassment, and instead of

referring the case to the Office of Civil Affairs, Santiago scheduled a personal meeting with Anayensi and Rodríguez. *Id.*, ¶ 3.16. On February 21, 2011, an employee named Pedro Vázquez met with Anayensi, and "told her that if she continued with her complaint they would have to move her to Bayamón." *Id.*, ¶ 3.17. On that same date, that is, February 21, 2011, "Santiago, Alsina, Plaintiff and Rodríguez met as coordinated by Santiago." *Id.*, ¶ 3.18. "Santiago told plaintiff that she would have to be moved to Bayamón if she decided to continue with her complaint." *Id.* "Santiago concluded the meeting by telling plaintiff that everything was solved." *Id.* "Hours later, [February 21, 2011], Alsina came by plaintiff's office and brought a document to be signed by plaintiff." *Id.* "The document stated that, for the well being of everyone, plaintiff was not going to continue with her complaint and that she wouldn't reveal what happened to anyone." *Id.* "However, Santiago, Alsina and Rodríguez had already revealed the story to plaintiff's coworkers." *Id.*

In November 2011, "plaintiff's situation became intolerable" ... "As she felt oppressed, powerless, humiliated and depressed, plaintiff decided to file a formal complaint within the Agency." *Id.*, ¶ 3.24. "Right after filing the complaint, plaintiff started having issues with her payroll paperwork." *Id.*, ¶ 3.26. "Plaintiff's paperwork would disappear or get overly scrutinized." *Id.* Thereafter, the Office of Complaints and Grievances held a hearing wherein "plaintiff was required to testify." *Id.*, ¶ 3.27. A Resolution was issued by the Office of Complaints and Grievances two weeks later informing plaintiff that the Office did not have jurisdiction over her case, and directed Anayensi to another office of the Agency. *Id.* The *Complaint* is silent as to the date when the Resolution was issued. "On February 19,

2012, Alsina posted the required information about sexual harassment in the Office's bulletin board." *Id.*, ¶ 3.32. "Employees had no access to the information within the office prior to that date." *Id.* Plaintiff "resigned from her position with the Agency," on August 7, 2012. *See Complaint*, Docket No. 1, ¶ 3.33.

The instant action was filed on November 9, 2012, *see* Docket No. 1. The *Complaint* is silent as to the date when the Right to Sue Letter dated August 8, 2012 was indeed received by plaintiff. The Court further notes that plaintiff failed to provide a copy of the claim with the Antidiscrimination Unit and/or EEOC, notwithstanding the *Complaint* makes reference that the same was attached as Exhibit No. 1. *See* Docket No. 1, page 2. Furthermore, the Court notes that all defendants were sued in their individual and personal capacity only.

On May 3, 2013, the defendants Alsina, Santiago and Rodríguez filed a *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Docket No. 13, "without submitting to this Court's jurisdiction." The Court notes that codefendant Rubén A. Hernández Gregorat was never served with process, as the record shows that only Alsina's, Santiago's and Rodríguez' summons were returned as executed. *See* Docket entries No. 6, 7, 8.

Defendants Alsina, Santiago and Rodríguez (collectively the "defendants") moved to dismiss with prejudice the *Complaint* on several grounds: (a) the instant action is time barred, as plaintiff failed to exhaust the administrative remedies, as required in an action under Title VII, with the EEOC within 180 days after the alleged unlawful employment action, 42 U.S.C. § 2000e–5(e)(1), and, "this filing period operates as a statute of limitations;" (b) plaintiff failed to file her EEOC for sexual harassment

within 180 days of the alleged unlawful conduct nor within 300 days, the applicable period in a deferral State, as the defendant filed her EEOC claim on January 30, 2012, that is, after the 300 day period had elapsed; (c) plaintiff received the Right to Sue Letter dated August 8, 2012 issued by the Puerto Rico Labor Department, and filed the instant *Complaint* on November 9, 2012, hence, the instant action is also time barred, as it was filed 92 days after the issuance of the Right to Sue Letter; (d) plaintiff's failed to state a sexual harassment claim (under Section 1983 and Title VII);[1] (e) plaintiff failed to state a retaliation claim; (f) plaintiff failed to establish personal liability under Title VII; and, (g) qualified immunity. *See* Docket No. 13.

As stated above, the defendants' motion to dismiss stands unopposed. However, the Court reviews the defendants' motion on the merits.

### Applicable Law and Discussion

### A. The Motion to Dismiss Standard.

██ Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio–Hernandez v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir.2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'")(quoting

*Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570, 127 S.Ct. 1955; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, and *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677–679, 129 S.Ct. 1937 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir.2009) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct.

---

1. The Court notes that there are no causes of actions under 42 U.S.C. § 1983. The causes of actions are under 42 U.S.C. § 2000e *et seq.*;

42 U.S.C. §§ 1981a and 1988, and Puerto Rico Law.

1937. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sánchez v. Pereira–Castillo,* 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (quoting Fed.R.Civ.P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679–80, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 567, 127 S.Ct. 1955). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio–Hernández,* 640 F.3d at 12 (citing *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955); *Ocasio–Hernández,* 640 F.3d at 12 (citing *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937); *see Twombly,* 550 U.S. at 556, 127 S.Ct. 1955 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio–Hernández,* 640 F.3d at 12 (citing

*Twombly,* 550 U.S. at 556, 127 S.Ct. 1955) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda–Villarini,* 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert–Rosa v. Fortuno–Burset,* 631 F.3d 592 (1st Cir.2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal,* 556 U.S. at 681, 129 S.Ct. 1937 ("To be clear, we do not reject [ ] bald allegations on the ground that they are unrealistic or nonsensical.... It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.,* 621 F.3d 10, 14 (1st Cir.2010) (the *Twombly* and *Iqbal* standards require District Courts to "screen[ ] out rhetoric masquerading as litigation."). However, merely parroting the elements of a cause of action is insufficient. *Ocasio–Hernández,* 640 F.3d at 12 (citing *Sánchez v. Pereira–Castillo,* 590 F.3d 31, 49 (1st Cir.2009)).

The First Circuit recently outlined two considerations for district courts to note when analyzing a motion to dismiss. *García–Catalán v. United States,* 734 F.3d

100, 104 (1st Cir.2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly–Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury) (internal citations and quotations omitted).

■ At the outset, the Court finds that the instant *Complaint* is devoid of any details as to what type of Title VII violations have occurred, as well as, under 42 U.S.C. §§ 1981a and 1988.[2] The Court further finds that all defendants have been sued in their personal and individual capacity only. Notwithstanding, "plaintiff seeks equitable and injunctive relief, compensatory, double and punitive damages, costs and reasonable attorney's fees." *See Complaint*, Docket No. 1, ¶¶ 1.1 and Prayer for Relief (d). The Court does not have subject matter jurisdiction on this case, as the defendants were not sued in their official capacity. The defendants are employees of the DTPW, hence, the employer is the DTPW, and the alleged employment discrimination occurred during the ordinary course of business of plaintiff's employment. The Court finds that the instant *Complaint* is vague in the matters raised by the defendants. To claim federal rights, particularly injunctive relief,[3] the defendants must also be sued in their official capacity. Indeed, based on the allega-

---

**2.** 42 U.S.C. § 1981a provides in its relevant part:

(1) Civil Rights
In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. § 2000e–5 or 2000e–16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. §§ 2000e–2, 2000e–3, or 2000e–16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
42 U.S.C. § 1988 provides in its relevant part:
(a) Applicability of statutory and common law
The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil

rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.
Section 1988(b) and (c) provides for the payment of attorneys fees, as well as, expert fees.

**3.** If plaintiffs somehow need to avoid a recurrence of the facts as alleged in the *Complaint*, the defendants must be sued in their official capacity to request the proper relief. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Mills v. State of Me.*, 118 F.3d 37, 54 (1st Cir.1997).

tions of the instant *Complaint* as it stands today, there is no specificity or links connecting facts to specific legal precedents. "If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) rather than Rule 12(e), whichever is appropriate, without regard to how the motion is denominated." Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1376, n. 8.

## B. The Complaint is Time Barred.

*The Complaint was filed "93 days after the Right to Sue Letter was granted."*

The defendants have moved to dismiss the instant case on several grounds, to wit, the *Complaint* was filed "93 days after the Right to Sue Letter was granted. Therefore, the instant case is time-barred." *See* Docket No. 13, page 11. Plaintiffs did not oppose the defendants' argument or presented any evidence to show that the instant *Complaint* is not time barred, such as, a stamped copy of the envelope pertaining to the Right to Sue Letter; evidence of mailing from the ADU/EEOC.; a sworn statement of Anayensi stating the date when the Right to Sue Letter dated August 8, 2012 was indeed received, etc. On the same token, the defendants' argument is devoid on any supporting document showing when the Right to Sue was mailed by ADU/EEOC and/or the signed receipt from the United States Postal Service. Hence, in view of the fact that the record is incomplete and/or lack information as to when the Right to Sue Letter dated August 8, 2012[4] was indeed received by plaintiff, the Court cannot make a finding as to whether or not the instant *Complaint* is time barred. Lastly, the Court finds that even when considering the application of the three day mailing rule, Fed. R.Civ.P.6(d) to the Right to Sue Letter dated August 8, 2012, the 90 days would start to run from August 11, 2012. Hence, the 90 day period became due on November 9, 2012, that is, the date when the instant *Complaint* was filed.

However, assuming that the instant *Complaint* was timely filed, the dismissal is still warranted. The Court briefly explains.

*Plaintiff filed a "timely" charge of discrimination with the EEOC.*

Defendants also moved to dismiss the *Complaint* on the ground that Anayensi's EEOC charge for sexual harassment is time barred for it was not filed within "180 days after the alleged conduct took place, but instead waited until January 30, 2012" to file the claim. *See* Docket No. 13, pages 8–9. The Court agrees that plaintiff's EEOC charge is time barred, however, on different grounds. The Court's analysis follows.

In *Ayala–González v. Toledo–Dávila,* 623 F.Supp.2d 181, 184–188 (D.P.R.2009), this Court made a detailed analysis on the

---

**4.** The Court notes that to add more confusion to an already convoluted record, the Right to Sue Letter dated August 8, 2012, reads as follows: "We make reference to the withdrawal from the complaints filed before the Antidiscrimination Unit and the Equal Opportunity Commission and the request to litigate filed on June 18, 2012, said request is hereby granted." *See* Docket No. 16–2, page 1. "We will proceed to close the case before the Antidiscrimination Unit and to notify the Equal Employment Commission." *Id.* . . . "The administrative closure will be effective upon receipt of this letter." *Id.* The *Complaint* silent as to all the facts referred to in the Right to Sue Letter dated of August 8, 2012. Furthermore, plaintiff alleges that she filed a complaint in November 2011, however, no details are provided as to that complaint and whatever happened with it. Likewise, the Right to Sue Letter dated August 8, 2012 makes reference to the "withdrawal from the complaints." Again, no reference is made in the record as to what "complaints."

applicable time period to exhaust the applicable administrative remedies in a Title VII employment discrimination case, which incorporates herein:

It is well settled that an aggrieved employee shall exhaust the administrative remedies before filing its claim under Title VII, "a process that begins with the filing of an administrative charge before the EEOC [Equal Employment Opportunity Commission]." *Abraham v. Woods Hole Oceanographic Institute, et al.,* 553 F.3d 114, 119 (1st Cir.2009). Since Puerto Rico is a "deferral" jurisdiction for purposes of the filing of an administrative charge under Title VII, a person aggrieved has 300 days to file an administrative charge, pursuant to 42 U.S.C. § 2000e–5(e)(1).FN1 *See Mohasco Corporation v. Silver,* 447 U.S. 807, 814–820, 822, 825, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Bonilla, et al. v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 278, n. 4 (1st Cir.1999); *Banks v. District of Columbia,* 377 F.Supp.2d 85, 90 (2005).

FN1. 42 U.S.C. § 2000e–5(e)(1) provides in its relevant part:

(1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on

behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, which is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency. (Emphasis supplied).

. . .

*Mohasco,* 447 U.S. 807, 100 S.Ct. 2486 is the leading case on the applicability of 42 U.S.C. § 2000e–5(e)(1) to deferral jurisdictions, as it interprets the word "filed" within the statutory language of section 2000e–5(e)(1). *Mohasco* clarified the conflict amongst several Court of Appeals, as to the filing term of an administrative charge for unlawful employment practice. Some courts, including the First Circuit (*Ciccone v. Textron Inc.,* 616 F.2d 1216 (1st Cir.1980), *cert. granted and reversed,* 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980)), have erroneously interpreted that in a deferral jurisdiction, the term to file an administrative charge under Title VII is 180 days, instead of 300 days, as provided by section 2000e–5(e)(1). *See also* 29 C.F.R. § 1601.74.

. . .

In *Bonilla, et al. v. Muebles J.J. Alvarez, Inc.,* 194 F.3d at 278, the Court held:

For present purposes, we narrow the lens of inquiry to section 2000e–5 of Title VII, because it alone is germane to the issue posed by the appeal. That section states in its pertinent part that a charge "shall be filed" with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days if

"the person aggrieved has initially instituted proceedings with [an authorized] State or local agency." 42 U.S.C. § 2000e–5(e). (Fn. 4).FN3 This completes our quest: a claimant who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits. (Emphasis supplied).

> FN3. "Fn. 4. The longer period is available only in so-called "deferral" jurisdictions. *See* 42 U.S.C. § 2000e–5(e); *see also Mohasco Corp. v. Silver,* 447 U.S. 807, 817, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Puerto Rico is a deferral jurisdiction, and the Commonwealth's Department of Labor is an agency empowered to grant or seek relief from unlawful employment practices (and, thus, authorized within the purview of section 2000e–5(f)). *See* 29 C.F.R. § 1601.74 (1991)."

■ In the instant case, the Court finds that plaintiff Anayensi filed her administrative charge with the local Anti Discrimination Unit ("ADU"), on January 30, 2012. The *Complaint* alleges that the last time that Anayensi was sexually harassed by Rodríguez was on February 17, 2011, and that on February 21, 2011, plaintiff signed a document stating that she "was no going to continue with her complaint and that she wouldn't reveal what happened to anyone." *See Complaint,* Docket No. 1, ¶ 3.13 to ¶ 3.19. The record shows that Anayensi resigned on August 7, 2012 from the DTPW. *Id.* at ¶ 3.33. Although the plaintiff alleges hostile work environment and continued employment discrimination, the fact is that the *Complaint* is vague, as it only contains general conclusory allegations of the alleged employment discrimination, such as, plaintiff had issues with her payroll paperwork;" her "paperwork would disappear or get overly scrutinized;" and "Alsina altered Plaintiff's payroll paperwork." The Court finds that the *Complaint* is silent as to when the continuing employment discrimination started and when it ended. A review of the ADU/EEOC charge of January 30, 2012 shows that plaintiff filed a complaint with the Office of "Querellas y Agravios" [Complaints and Grievances] on November 11, 2011 triggered by "issues" with her payroll, which allegedly stopped on January 12, 2012. Even if these allegation were interpreted as true, the fact remains that plaintiff filed the charge with the ADU/EEOC on January 30, 2012, and the charge is silent as to what are the circumstances that constitute continued violation.

■ Hence, the Court finds that the plaintiff's charge filed with the ADU/EEOC is also time barred. Plaintiff had 300 days to file her charge for sexual harassment under Title VII. The Court understands that the last day of the sexual harassment was February 21, 2011, *see Complaint,* Docket No. 1, ¶ 3.13 to ¶ 3.19. The record shows that the charge with the ADU/EEOC was filed on January 30, 2012, that is, 343 days after the last act of sexual harassment. Hence, plaintiff's charge is 43 days late pursuant to the provisions of 42 U.S.C. § 2000e–5(e)(1). *See Mohasco,* 447 U.S. 807, 100 S.Ct. 2486.

Lastly, the Court notes that there are no allegations of retaliation in the *Complaint* nor in the charge of January 30, 2012 filed with the ADU/EEOC.[5]

---

5. A party "cannot expect a trial court to do his homework for him." *Cruz–Báez, et als. v. Negrón–Irizarry,* 220 F.Supp.2d 77, 79, n. 3 (D.P.R.2002) (Domínguez, J.), citing *McCoy v.* *Massachusetts Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991). Rather, parties have an affirmative responsibility to put their best foot forward in an effort to present a

The Court further finds that it does not have subject matter jurisdiction, as plaintiffs have not been filed in their official capacity. Notwithstanding, even if the Court had jurisdiction, the Court finds that there is no individual liability against the defendants. *See Fantini v. Salem State College,* 557 F.3d 22 (1st Cir.2009).

The Court is cognizant that the defendants had set forth other arguments in support of their dismissal request. However, the Court finds that it is not meritorious to do any further analysis, as the Court has determined that the dismissal of the instant action is warranted, as the plaintiff failed to timely exhaust the administrative remedies.

Finally, plaintiffs have sued the defendants in their personal capacity and have failed to sue the employer which is the Department of Transportation and Public Works. The Court dismisses the instant action, as there is no individual liability under Title VII, as it has been decided by our Circuit in *Fantini v. Salem State College,* 557 F.3d 22 (citing other Circuits).

### Conclusion

For the reasons set forth above, the defendants' motion to dismiss, Docket No. 13, is granted.

All federal claims are dismissed with prejudice, and all state claims are hereby dismissed without prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED.

legal theory that will support their claim. *Cruz–Báez,* 220 F.Supp.2d at 79, citing *McCoy,* 950 F.2d at 23.