# United States Court of Appeals

## For the First Circuit

No. 15-2239

BARBARA NEWMAN,

Plaintiff, Appellant,

v.

LEHMAN BROTHERS HOLDINGS INC.,
GROUP BENEFITS PLAN, ET AL.,

Defendants, Appellees,

METROPOLITAN LIFE INSURANCE COMPANY, ET AL.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Jason P. Steed, with whom Kilpatrick Townsend & Stockton LLP
was on brief, for appellant.
David W. Robinson, with whom Ruberto, Israel & Weiner PC was
on brief, for appellees.

August 20, 2018

**TORRUELLA**, **Circuit Judge**.  This case concerns the requirement that administrative remedies be exhausted before a claim under the "whistleblower" protection provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A, can reach federal court.  Plaintiff Barbara Newman ("Newman") claims to have suffered retaliation for reporting violations of federal laws and regulations at her workplace, Lehman Brothers, Inc. ("Lehman Brothers") in 2008.  The district court dismissed these claims pursuant to Fed. R. Civ. P. 12(b)(6).  Newman appeals the dismissal of her claims as it pertains to a handful of the original defendants, namely: Lehman Brothers Holding Inc. Group Benefits Plan ("the Plan"), and a group of five corporations affiliated under the name Neuberger Berman ("the Neuberger defendants").  We affirm.

## I.  Background

In reviewing a district court's dismissal of a complaint for failure to state a claim, "we accept the [complaint's] well-pleaded facts as true and indulge all reasonable inferences therefrom in the plaintiff's favor."  Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005).  We may also "augment those facts with facts extractable from documentation annexed to or incorporated by reference in the complaint."  Id.

## A. Factual Background

In May 2007, Newman began working in the corporate communications department of Lehman Brothers. Her job was to draft communications that would "raise the profile" of both Lehman Brothers and of Neuberger Berman, which was then a wholly-owned subsidiary of Lehman Brothers and today is a small constellation of distinct corporations that together comprise the Neuberger defendants.[1]

While at Lehman Brothers, Newman noticed that her coworkers were engaged in conduct that she suspected to be in violation of federal securities law. She reported these concerns to the Lehman Brothers "Alert Line" and to her supervisors. Subsequently, Newman was ostracized at work and ultimately terminated from her employment.

Simultaneous to her whistle blowing activity, Newman requested disability benefits through the benefits plan administered by the Plan. Newman was approved for short-term disability benefits, but experienced difficulty in obtaining long-term and supplemental long-term disability benefits. Newman was terminated from her employment while on short-term disability benefits.

---

[1] These include: Neuberger Berman, LLC; Neuberger Berman, Inc.; Neuberger Berman Management, LLC; Neuberger Berman Group, LLC; and Neuberger Berman Management, Inc.

On July 23, 2008, Newman filed a complaint ("the OSHA complaint") under § 806 of SOX with the Occupational Safety and Health Administration ("OSHA").[2] The OSHA complaint states that Newman was submitting a written complaint "within [ninety] days of the adverse action under [SOX]" because she was "retaliated against by Lehman Brothers Inc. through termination on April 23, 2008 via a phone call."

The OSHA complaint then listed ten retaliatory actions that Newman accused Lehman Brothers of having taken against her. Among the list of "unfavorable employment actions" were "Discharge or layoff," "Blacklisting," "Disciplining," and "Denial of benefits." The OSHA complaint also provided a list of around thirty individuals accused of having violated SOX's whistleblower protection provision. The complaint concluded with a brief list of contradictory factual statements as to Newman's termination date, such as that "[o]n March 12, 2008, I was effectively terminated from Lehman Brothers when I took a sick day" but also

---

[2] "An employee seeking § 1514A protection must first file an administrative complaint with the Department of Labor." Day v. Staples, Inc., 555 F.3d 42, 52 (1st Cir. 2009). However, the Secretary of Labor has delegated responsibility for receiving and investigating whistleblower complaints to OSHA, an agency within the Department of Labor. See Carnero v. Bos. Sci. Corp., 433 F.3d 1, 3 n.1 (1st Cir. 2006); Delegation of Authority and Assignment of Responsibility to the Assistant Secretary for Occupational Safety and Health, 67 Fed. Reg. 65,008, (Oct. 22, 2002); see also 29 C.F.R. § 1980.103(c).

that "[o]n April 23, 2008, I was terminated from Lehman Brothers." In September 2008, Newman supplemented her OSHA complaint with an interview with OSHA ("the OSHA interview"). See 29 C.F.R. § 1980.104(e) (stating that a complaint may be "supplemented as appropriate through interviews of the complainant").

## B. Procedural Background

In January 2012, Newman's case began its tortuous path through the federal judiciary. We need not dwell on the details of this journey; it suffices to say that Newman began as a pro se plaintiff, and later acquired counsel and filed the operative Second Amended Complaint ("SAC"), which pursued claims under SOX and the Employment Retirement Income Security Act (ERISA), 18 U.S.C. § 502(a)(1)(B), against a large number of defendants. These claims have largely been dismissed or moved to other courts.[3] What remains of those claims is that which is before us now: an appeal from the district court's dismissal of Newman's SOX claim against the Neuberger Defendants and the Plan pursuant to Rule 12(b)(6).[4]

---

[3] Newman's claim against Lehman Brothers, which is not at stake in this appeal, is currently stayed under 11 U.S.C. § 362(a) since that entity is in bankruptcy.

[4] Newman's claim under ERISA against MetLife and the Plan was dismissed on September 16, 2015. Newman v. Metro. Life Ins. Co., No. CV 12-10078-DJC, 2015 WL 5447613, at *1 (D. Mass. Sept. 16, 2015). Newman has not appealed this ruling.

The district court dismissed Newman's SOX claim, finding that Newman had failed to exhaust her administrative remedies prior to bringing her SOX claim to federal court because (1) she did not file her OSHA complaint within the ninety-day deadline and (2) she also failed to name the defendants in her written OSHA complaint. This timely appeal followed, focused solely on the dismissal of Newman's SOX claim against the Plan and the Neuberger defendants.

## II.  Discussion

This court reviews the grant of Rule 12(b)(6) motions de novo.  MacDonald v. Town of Eastham, 745 F.3d 8, 11 (1st Cir. 2014).  In doing so, the court is "not bound by the district court's reasoning but, rather, may affirm an order of dismissal on any ground evident from the record."  Id. (citations omitted). Ordinarily, we consider only the "facts alleged in the complaint, and exhibits attached thereto."  Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013).  However, there are some "narrow exceptions" in which a court may, if it chooses, consider extrinsic documents, such as "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to the plaintiff's claim; [and] . . . documents sufficiently referred to in the complaint" without turning the 12(b)(6) motion into a motion for summary judgment.  Id. at 36 (alteration in original)(citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

Particularly when "a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings," thereby giving the court the discretion to consider such additional material. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). While we retain discretion to affirm or deny on any basis in the record, this Court generally reviews "only those documents actually considered by the district court in its 12(b)(6) analysis unless we are persuaded that the court below erred in declining to consider proffered documents." Id.

Based on these materials, we assess whether there are sufficient facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 8 (1st Cir. 2011) (citing Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," we will affirm the dismissal. Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012) (citing S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

## A. Newman's Termination Claim

For a SOX claim of workplace retaliation to proceed in federal court, the plaintiff must first file a complaint with the

Department of Labor through OSHA. 18 U.S.C. § 1514A(b). At the time relevant to this case, Newman was required to file her OSHA complaint "[w]ithin 90 days after an alleged violation of the Act." 29 C.F.R. § 1980.103(d)(2011); see also 18 U.S.C. § 1514A(b)(2)(D)(2006).[5] If after 180 days the Department of Labor has not issued a final decision on an administrative complaint, the plaintiff may file an action in federal court. 18 U.S.C. § 1514A(b)(2)(D). Here, because the Department of Labor did not issue a final decision within 180 days, Newman filed her complaint in federal court. We now review the dismissal of her SOX claim pursuant to Rule 12(b)(6).

Newman alleges that she was terminated from her job in retaliation for her whistleblower activity. For this claim to proceed, Newman was required to first exhaust the available administrative remedies by, inter alia, filing an OSHA complaint within ninety days of the alleged retaliatory action. In considering administrative exhaustion requirements in similar statutes, we have held that such requirements are mandatory, though not jurisdictional, and "akin to a statute of limitations." Bonilla v. Muebles J.J. Álvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999); cf. Farris v. Shinseki, 660 F.3d 557, 563 (1st Cir. 2011)

---

[5]   Congress has since extended this ninety-day statute of limitations to 180 days. See 18 U.S.C § 1514A; Pub. L. No. 111-203, title IX, §§ 922(b),(c), 929A, 124 Stat. 1376 (2010).

(noting that "failure to comply with an agency's applicable time limit may expose the plaintiff's federal law suit to dismissal" for a case proceeding under the Americans with Disabilities Act); Franceschi v. U.S. Dep't. of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008) (confirming the same for claims under Title VII of the Civil Rights Act of 1964). Like a statute of limitations, unexcused non-compliance with prescribed time limits of administrative remedies "bars the courthouse door" for a would-be federal plaintiff. Bonilla, 194 F.3d at 278; see also Jorge, 404 F.3d at 564 (describing "the timely filing of a charge with the [Equal Employment Opportunity Commission]" as one of "two key components" for administrative exhaustion in a Title VII case).

Accordingly, the district court sought to determine the date of Newman's termination in order to ascertain whether her OSHA complaint was timely. Finding no express date in Newman's SAC,[6] the district court consulted the OSHA complaint, which the SAC indicates is the administrative charge underlying this case. As noted above, in the OSHA complaint Newman twice stated that she was terminated on April 23, 2008. That means, thus, that Newman's employment was terminated ninety-one days before filing her OSHA

---

[6] The operative complaint states that "Newman filed claims regarding the retaliation with [OSHA] . . . [and] was soon after terminated." It also states that "Newman was terminated while on short term disability."

-9-

complaint on July 23, 2008 -- or one day beyond the statutorily permitted filing time.  See Fed. R. App. P. 26(a) (computing time); Day, 555 F.3d at 53 ("An employee must file a complaint with [OSHA] no later than ninety days after the date on which the alleged violation occurred.").

Newman argues that this was improper fact-finding on the part of the district court, and that, instead, the district court should have found that she was terminated sometime after filing her OSHA complaint, as stated in her SAC.  We disagree.

The district court did not engage in improper fact-finding.  A finding that Newman exhausted the administrative remedies available to her is a statutory prerequisite for her complaint to proceed.  18 U.S.C. § 1514A.  Newman's SAC makes explicit reference to her OSHA complaint.  Her "complaint's factual allegations are expressly linked to . . . and admittedly dependent upon" the OSHA complaint. Trans-Spec Truck Serv., Inc., 524 F.3d at 321; see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Therefore, the district court was correct to consider the OSHA complaint, particularly given the lack of clarity the SAC provided on this important matter.  And our own look at the OSHA complaint leads us to conclude, as did the district court, that it was filed outside the requisite timeframe.

Newman urges us to focus our gaze instead on the background section of her SAC, which states that Newman was terminated from her job "soon after" filing her OSHA complaint. This is unhelpful. If Newman was terminated after the filing of her OSHA complaint, it is difficult to make sense of either the content of her OSHA complaint -- which twice alleges that her employment was terminated on April 23, 2008, ninety-one days before she filed the OSHA complaint -- or how the OSHA complaint could have exhausted the administrative remedies of a retaliatory act that had not yet occurred. Moreover, the mere inclusion of a vague statement in the pleading does not preclude the district court's fair consideration of an incorporated, uncontested document. See Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) (considering a 12(b)(6) motion to dismiss a claim of false advertising in light of advertising copy contained in record); see also Yacubian v. United States, 750 F.3d 100, 108 (1st Cir. 2014) ("[I]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." (citing Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 229 n.1 (1st Cir. 2013))); Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp., 179 F.3d 523, 529 (7th Cir. 1999) ("[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate

that he or she is not entitled to judgment." (citing In re Wade, 969 F.2d 241, 249 (7th Cir. 1992))).

In a final effort to establish the timeliness of her OSHA complaint, Newman invites us to ignore the dates she provided in the written OSHA complaint, as well as the timeframe hinted at in her SAC, in favor of her statements during her OSHA interview. There, Newman stated that she may have been terminated on April 23, but did not learn about this until April 24, and that she remained, at the time of her OSHA interview in September, still unsure about the actual date of her termination.

We decline this invitation. Newman did not raise this argument to the district court, and, therefore, it has been waived. See Iverson v. City of Bos., 452 F.3d 94, 102 (1st Cir. 2006) ("[T]heories not squarely and timely raised in the trial court cannot be pursued for the first time on appeal."). In Newman's memorandum in opposition to defendants' motion to dismiss the SAC, she simply asserted a right to discovery, arguing that because her first amended complaint survived a 12(b)(6) motion,[7] her second must as well.[8] In a similar fashion, during the hearing on

_____

[7] The district court found that Newman's SOX claim was not time-barred precisely because her complaint stated that her termination date was April 24, 2008. Given the opportunity to amend, Newman removed this date from what became the operative complaint.

[8] This is incorrect. "An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in

-12-

defendants' motion to dismiss, plaintiff's counsel argued that Newman did not know the date of her termination, and should not "be expected" to know the date. Setting the merits of these arguments aside, it is clear that Newman did not argue to the district court that the facts supporting the timeliness of her OSHA complaint were contained in her OSHA interview. As such, this argument was not properly raised below and cannot be raised for the first time here. Id.

We are sensitive to the challenges that pro se plaintiffs face in pleadings and do not condemn inexperienced plaintiffs to be forever bound by their clerical errors and minor factual slip-ups. See Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) ("[C]ourts hold pro se pleadings to less demanding standards than those drafted by lawyers . . . [and] endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."). But here, however, the lack of precision about Newman's date of termination is no minor factual slip up. Rather, Newman's counsel removed from the operative complaint any mention of an exact date of termination and substituted it with a temporally imprecise contention that she was terminated "soon after" filing her complaint to OSHA about her termination.

---

the case." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted). Accordingly, our only concern is the SAC and the arguments made about it.

-13-

In sum, Newman's SAC failed to plead sufficient facts to raise a plausible claim for relief under SOX, as she untimely filed her OSHA complaint, and failed to exhaust her administrative remedies.

## B.  Newman's Other SOX Claims

Newman further contends that the district court erred by granting dismissal without addressing the other retaliatory acts raised in her SAC.  Retaliatory termination was not the only SOX claim in Newman's complaint; she also alleged that the defendants interfered with her rights to certain disability benefits.  In this sense, Newman is correct in stating that the district court erred insofar as it considered Newman's administrative complaint as to this claim to be time-barred along with her termination claim.  This is so because Newman's OSHA complaint was filed within ninety days of the last retaliatory act with regard to her disability benefits, which occurred months after her termination.

However, in our review of the district court's doing, we "may affirm an order of dismissal on any ground evident from the record."  MacDonald, 745 F.3d at 11.  And the record is clear that nowhere before the district court did Newman rely on additional retaliatory acts like the denial of disability benefits to contest defendants' motion to dismiss.  Although Newman's SAC did allege the denial of benefits as part of her SOX claim, her memorandum in

-14-

opposition to defendants' motion to dismiss put forward no arguments about this or any other acts of retaliation.

In an apparent attempt to provide a lifeline to her arguments about these other acts, Newman now contends that she did not have to address the additional instances of retaliation in her opposition to defendants' motion because the defendants only moved to dismiss the retaliation claim related to termination. But this is incorrect. In their 12(b)(6) motion, defendants moved to dismiss the entirety of Newman's SOX claim, which encompassed both her allegations about termination and the subsequent denial of benefits. Newman then did not argue in her opposition that the denial of benefits was an actionable act of retaliation from which the ninety-day deadline must be calculated. Rather, her counsel expressly argued that the ninety days ran "from the date of...termination." Thus, Newman waived her opportunity to argue on appeal about additional acts of retaliation like the alleged denial of benefits, and we may not entertain such arguments. See, e.g., Lawton v. State Mut. Life Assurance Co. of Am., 101 F.3d 218, 222 (1st Cir. 1996) ("No precept is more firmly settled in this circuit than that theories not squarely raised and seasonably propounded before the trial court cannot rewardingly be advanced on appeal."); but cf. N.J. Carpenters Pension & Annuity Funds v. Biogen IDEC Inc., 537 F.3d 35, 54 (1st Cir. 2008).

## C.  Newman's Motion to Reconsider

Lastly, Newman asks us to review the district court's denial of her motion to reconsider its dismissal of her complaint, on the basis of purportedly new evidence that contradicts the district court's findings.  We review a district court decision on a motion to reconsider for abuse of discretion.  Bennett v. Saint-Gobain Corp., 507 F.3d 23, 34 (1st Cir. 2007).

Newman's allegedly new evidence consists of benefit statements secured through the Pension Benefit Guaranty Corporation, which she claims show that Newman was considered a Lehman Brothers employee until January 2009, and other evidence that purports to dispute the court's conclusion that she was terminated on April 23.  Newly discovered evidence could certainly justify a district court's reconsideration of its judgment.  Id.

However, Newman's motion to reconsider recognized that she was in possession of the evidence she has now put forth since February 2014 -- months before the defendants sought dismissal of her SAC.  Therefore, Newman's "additional evidence was merely newly proffered, not newly discovered."  Id.  Newly proffered evidence "hardly qualifies as newly discovered evidence." Rodríguez v. Fullerton Tires Corp., 115 F.3d 81, 86 (1st Cir. 1997).

Thus, the district court did not abuse its discretion in declining to reconsider its holding.

### III.  <u>Conclusion</u>

For the aforementioned reasons, the district court's judgment is affirmed.

**<u>Affirmed</u>.**