**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 21-1498

LYNETT S. WILSON,

Plaintiff, Appellant,

v.

DENIS RICHARD MCDONOUGH, Secretary, U.S. Department of Veterans
Affairs; U.S. DEPARTMENT OF VETERANS AFFAIRS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Thompson, Circuit Judges.

Andrew T. Tutt, with whom Mike Mosher, R. Stanton Jones, and
Arnold & Porter Kaye Scholer LLP were on brief, for appellant.
John G. Osborn, Assistant United States Attorney, with whom
Darcie N. McElwee, United States Attorney, was on brief, for
appellee.

June 14, 2022

**THOMPSON, <u>Circuit Judge</u>.** This federal-sector employment dispute has ping-ponged between the Federal Circuit and the District of Maine. Ultimately though, a federal judge in the District of Maine granted Defendants' motion to dismiss Plaintiff's case under Civil Rule 12(b)(1) (lack of jurisdiction) and Civil Rule 12(b)(6) (failure to state a claim). <u>See</u> <u>Wilson</u> v. <u>Dep't of Veterans Affs.</u>, No. 20-cv-00019, 2021 WL 1840753, at *1 (D. Me. May 7, 2021). Writing just for the parties, we assume their fluency with the facts, the procedural history, and the arguments offered and so mention only what is needed to justify why we — after applying *de novo* review, <u>see</u> <u>Chiang</u> v. <u>Skeirik</u>, 582 F.3d 238, 241 (1st Cir. 2009) — affirm the judge's order. <u>See generally</u> <u>Keach</u> v. <u>Wheeling & Lake Erie Ry.</u> (<u>In re Montreal, Me. & Atl. Ry.</u>), 888 F.3d 1, 8 n.4 (1st Cir. 2018) (explaining that when reviewing a motion-to-dismiss grant, "we are not wed to the lower court's reasoning but may affirm on any ground supported by the record").

A federal employee like Plaintiff can contest certain "serious personnel actions" (terminations or suspensions from service, for instance) via an appeal to the Merit Systems Protection Board ("MSPB"), an administrative agency in the executive branch that decides disputes between other federal agencies and their employees. <u>See</u> <u>Perry</u> v. <u>Merit Sys. Prot. Bd.</u>, 137 S. Ct. 1975, 1979 (2017). She can simply claim "the agency

had insufficient cause for taking the action under the CSRA," short for the Civil Service Reform Act. See Kloeckner v. Solis, 568 U.S. 41, 44 (2012). And she can "also or instead charge the agency with discrimination prohibited by another federal statute," a kind of charge called a "mixed case." Id.

Plaintiff's appellate lawyers say hers "is a 'mixed case'" (different attorneys represent her here and so are not responsible for what happened earlier). Generally speaking (and as relevant to our analysis), if the MSPB decides a mixed case, a dissatisfied employee can appeal to the Federal Circuit — but only if she drops her discrimination claim (limiting her appeal to CSRA claims) and files her appeal "within 60 days after the [MSPB] issues notice of the final order or decision of the [MSPB]." See 5 U.S.C. § 7703(b)(1)(A)-(B). Also generally speaking (and as likewise pertinent to our opinion), the employee can instead choose to pursue her mixed case in the appropriate district court if she files her complaint "within 30 days" after "receiv[ing] notice of the" MSPB's final order or decision. See id. § 7703(b)(2).

The parties spar about whether the District Court in Maine had statutory jurisdiction over the case — a battle centered around complex issues, like whether Plaintiff is judicially estopped from raising a discrimination claim because (as Defendants see it) she previously got the judge to transfer the case to the Federal Circuit by waiving her discrimination claim;

and whether, even if she waived her "freestanding discrimination claim," the District of Maine still had jurisdiction because (according to Plaintiff's view of the Federal Circuit's take on Supreme Court precedent) her CSRA claims "involve *allegations* of discrimination that *would* violate the discrimination laws." Happily for us, we need not resolve these difficult questions. This is because caselaw allows us to assume statutory jurisdiction — as distinct from constitutional jurisdiction — to follow an easier path to decision. See, e.g., Díaz-Báez v. Alicea-Vasallo, 22 F.4th 11, 17 n.3 (1st Cir. 2021). And here that path involves the untimeliness of Plaintiff's complaint. See generally United States v. Cruz-Ramos, 987 F.3d 27, 39 (1st Cir. 2021) (explaining that often "the simplest" way to decide a case is "the best" way).

Plaintiff (through her original lawyer) opted to participate in "E-filing" with the MSPB, meaning she "consent[ed] to accept service of all pleadings filed by other registered E-Filers and all documents issued by the [MSPB] in electronic form."[1]

---

[1] Like district judges, we may — at the motion to dismiss stage and without turning the motion into one for summary judgment — consider "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to the plaintiff's claim; [and] . . . documents sufficiently referred to in the complaint." See Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018) (quoting Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013)); see also Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (adding that we can also consider "'concessions' in plaintiff's 'response to the motion to dismiss'" (quoting

The MSPB issued its initial decision in her case on May 16, 2019. And a paralegal specialist with the MSPB certified that this "[d]ocument[] was . . . sent" via "[e]lectronic [m]ail" to Plaintiff's lawyer.

The decision said it would "become final on **June 20, 2019**, unless" Plaintiff or Defendants filed "a petition for review" with the MSPB "by that date." The decision also explained the "general rule" that "an appellant seeking judicial review of a final [MSPB] order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit . . . within **60 calendar days** of the date this decision becomes final" — unless her case involves a discrimination claim, in which case she must file a civil suit in "the appropriate U.S. district court (not the U.S. Court of Appeals for the Federal Circuit) within **30 calendar days** after this decision becomes final."

Plaintiff admits the decision became final on June 20, 2019, a date taken straight from her complaint. So she had until July 19, 2019 — 30 days from June 20, 2019 — to file her "mixed case" suit. But she waited 59 days before filing her petition with the Federal Circuit, on August 19, 2019. The bottom line is that she is time-barred from litigating in the district court.

---

Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005))).

And Plaintiff's arguments to the contrary do not alter this conclusion. We say that because when it comes to her key contentions — for example, her suggestions that the Federal Circuit's sending the case to the District of Maine constituted a legal ruling "that the District of Maine had jurisdiction," entitled to law-of-the-case effect; that "the complaint and record" do not "conclusively establish untimeliness"; that "apparently [she] never received notice through the MSPB's e-filing system that the decision had in fact become final"; and that the record if anything reveals that she is entitled to "equitable tolling" — she waived them by not raising them before the district judge. See, e.g., Newman, 901 F.3d at 27; Cao v. Puerto Rico, 525 F.3d 112, 115-16 (1st Cir. 2008); Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 40 n.9 (1st Cir. 2006).[2]

**_Affirmed_, with the parties to bear their own costs.**

---

[2] In her memo opposing Defendants' dismissal motion, Plaintiff made passing reference to res judicata, collateral estoppel, and claim preclusion — not only did she not explain or apply the elements of these doctrines, but she never explained whether or how these doctrines relate to law of the case. And passing references like hers are not enough to present and preserve an issue for review. See, e.g., Iverson v. City of Bos., 452 F.3d 94, 102 (1st Cir. 2006); McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991). Also, to the extent she implies that we cannot deem an equitable-tolling argument waived in situations like hers, she is wrong. See, e.g., Chalifoux v. Chalifoux, 701 F. App'x 17, 22-23 (1st Cir. 2017) (per curiam); Cao, 525 F.3d at 115-16; Barrett, 462 F.3d at 40 n.9.